## WILLIAM H. CROW v. THE STATE.

If a sheriff fail to return process issued to him by legal authority, he may be proceeded against and punished for a contempt, under Articles 422 and 1853, O. & W. Dig., O. S.

It is not proper to call a jury to try a question of contempt, except where it is expressly provided for by law.

If the contempt be committed in view of the court, it may summarily punish the offender.

But if the party be only *primâ facie* in contempt, as where a sheriff fails to return process, the proper practice is, to enter a judgment *nisi*, for the amount of the fine, and to issue a *scire facias*, requiring him to show cause why it should not be made final; and he must answer thereto under oath.

The court is to decide whether the answer purge the contempt or not; it is not, however, restricted to the answer, but may receive other evidence, and may, in its discretion, remit the fine, in whole or in part, with or without costs; and from this judgment there is no appeal.

APPEAL from Upshur. Tried below before the Hon. Charles A. Frazer. The facts are stated in the opinion.

*T. J. & J. H. Rogers*, for the appellant.

BELL, J.—This was a proceeding against the appellant, as the sheriff of Cass county, for failing to return a *capias* issued from the District Court of Upshur county, and placed in his hands. It appears, that upon motion or suggestion of the district attorney, the court entered judgment *nisi* against the sheriff, and caused a writ of *scire facias* to issue to him, commanding him to appear at the next term, and show cause why the judgment should not be made final against him. The sheriff appeared, in obedience to the *scire facias*, and filed his answer, or statement, under oath, to the effect that he had written his return on the *capias*, and had enveloped the writ, directed the same to the clerk of the District Court of Upshur county, and deposited the envelope, containing the writ, in the post-office, in time to have reached the clerk of the District Court of Upshur, by due course of mail, before the return-day

of the writ. The presiding judge called a jury, and submitted to them the question, whether or not the sheriff had returned the writ. The jury were instructed that the sheriff's answer was not evidence before them; and they were told, that if they found, from the evidence, that the sheriff had not returned the writ, they would assess a fine of one hundred dollars against him. The clerk of the court testified that the envelope, containing the writ, came to his hands some time after the return-day of the writ, and that the post-mark on the envelope bore date after the return-day of the writ. The envelope, with the post-mark on it, was shown to the jury in evidence. The jury returned a verdict against the sheriff, assessed a fine against him of one hundred dollars; and the judgment of the court was, that the State of Texas recover that sum from the sheriff. There was a motion for a new trial, which was overruled, and the sheriff gave notice of appeal, and perfected the same by the execution of bond.

We are of opinion, that the proceedings of the court below are erroneous. A sheriff may be punished for failing to return any process directed to him, by proper authority, either under the provision of the 20th section of the Act of May 13th, 1846, regulating proceedings in District Courts, or under the provision of the 8th section of the Act of May 12th, 1846, defining the office and duties of sheriffs. But, in any case, the punishment imposed upon a sheriff under those provisions of the statutes, is for a contempt of court. Each of the sections of the law which have been referred to, impose a fine upon the sheriff for a contempt of court, in not returning the process; and also provide, that he shall be liable for damages, at the suit of any person injured. We think, it is not proper to call a jury, to try a question of contempt, except in cases where it is provided by law, that the party proceeded against shall have the right of trial by jury. If the contempt is offered in the view or presence of the court, the judge proceeds, summarily, to punish the offender. He may enter an absolute fine, or, in a proper case, he may send the party to jail.

In cases like the present, where a sheriff fails to make return of process which has been directed to him, he is only *primâ facie* in contempt of court. So, where a person who is summoned to serve as a juror, whether upon a *venire* issued, or as a talesman, fails to appear and serve, he is *primâ facie* in contempt of court; for fines are imposed upon defaulting jurors, because they contemn, or disobey, the mandate of the law. In these cases, the proper practice is, to enter a judgment *nisi* for the amount of the fine, which (within certain limits) is within the discretion of the court; and *scire facias* is issued, commanding the person against whom the judgment *nisi* is rendered, to appear at the next term, and show cause why judgment for the fine shall not be made absolute against him. The party is entitled to answer, and the answer should be under oath, showing cause, if any he can, why the judgment *nisi* should not be made absolute, but should be set aside. It is for the court to decide whether the answer purges the contempt, or not. The court is not confined to the answer, but may hear other evidence upon the question of fact involved. But the question is purely a question of contempt. If the party purges himself of the contempt, the judgment *nisi* ought to be set aside; or, according to the merits of his answer, the court, in its discretion, may remit the fine in whole, or in part, and with, or without, costs. The only offence is against the dignity of the court, or the authority of the law, which are synonymous terms. The statutes expressly reserve, to any person injured, right of action against the sheriff, who fails to return process as required by law. If there be no contempt, the officer ought not to be punished for the act of failing to return the process, as if there were a contempt, because it is only for the contempt that the court is armed with the power to fine; while for the failure to return the process, the officer is liable for damages, at the suit of any person injured by such failure.

The mode of proceeding adopted in this case, by the court below, has led to the error of bringing into this court an appeal from a judgment imposing a fine for a contempt, for that is

the sum and substance of the judgment below. Appeals do not lie in cases of contempt; and although there appears to us, to be error in the judgment below, and although the appellant may be driven to some other mode of relief from the judgment, we are of opinion that this appeal must be dismissed; and it is ordered accordingly.

Appeal dismissed.

WHEELER, C. J., gave no opinion in this case.