R. F. HOLMAN V. THE MAYOR OF THE CITY OF AUSTIN.

1. The Constitution grants to the Supreme Court and its judges, and to the district courts and their judges, the power to issue writs of *habeas corpus*, and to exercise a general superintendence and control over inferior tribunals; and, without legislative authority, either the Supreme or a District Court is empowered to inquire, on *habeas corpus*, into the *validity* of a commitment by an inferior court, and to discharge a party from the imprisonment, if it plainly appear that the commitment was void. Commitments for contempt are not exceptions to these principles.

2. The refusal of a witness to answer a legal and proper question is a decided contempt, no matter how respectfully and deferentially the refusal be phrased. If the court, however, interrogate the witness about a matter over which it has no jurisdiction, or about which it has no right to inquire, a refusal by the witness to answer the question is not a contempt, and any order punishing it as a contempt is void.

3. In a trial in a mayor's court a witness refused to testify what had occurred between him and any inmate of a certain house, calculated to convince him it was a house of prostitution, and thereupon the mayor fined the witness, and committed him for twenty-four hours for contempt of court. *Held*, on *habeas corpus* by the witness, that the inquiry was beyond the limits of the mayor's jurisdiction, and could not be brought within it by calling the refusal of the witness a contempt of his court.

4. See the opinion in this case as to the scope and functions of the writ of *habeas corpus*, and also for important doctrines on the subject of contempts.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson, on writ of *habeas corpus*.

The facts are stated clearly in the opinion of the court. The very scanty record of the proceedings in the mayor's court does not show what was the character of the case on trial before that functionary.

*T. B. Wheeler* and *Hancock & West*, for the appellant, cited Starkie on Evidence, 9 ed., 184 to 190; 2 Phillips's Ev.,

418; 1 Johns. R., 498; 1 Cr., 144; 6 Cowen, 254; 2 Hawk., 580; 13 Johns., 82; 4 Wend., 229; 29 Pick., 366; 12 Vt., 491; 19 Wend., 569; 5 Monroe, 212; 6 Blackford, 439; 10 Ohio, 336; 7 Halsted, 79; 1 Pa., 415; 2 Pa., 728; 3 Yeates, 515.

*J. M. Denton*, for the appellee, moved to dismiss the appeal, and cited 25 Texas, 380; 14 Texas, 436; 7 Texas, 215; Paschal's Digest, article 2022; 1 Greenl. Ev., § 456.

EVANS, P. J.—The applicant, Holman, obtained a writ of *habeas corpus* from the Hon. J. P. Richardson, judge of the twenty-seventh judicial district, upon which the following return was made by the city marshal: "Held in custody by order of the mayor of the city of Austin, until payment of fifty dollars fine for contempt of court, and subject to imprisonment for twenty-four hours for the same."

The record further discloses the fact that the mayor called the applicant, Holman, as a witness, and propounded to him the following question: "What occurred between you and any one of the inmates of Fanny Kelly's house that was calculated to satisfy or convince you it was a house of prostitution." Holman refused to answer this question, when the mayor made the order set forth in the foregoing return of the city marshal.

Upon the hearing of the writ of *habeas corpus*, the district judge decided against the applicant, and ordered that he be remanded to the custody of the city marshal. From this judgment Holman appeals to this court.

This case presents the question, never before considered by this court, as to the power of the District or Supreme Court, or the judges of either, on *habeas corpus*, to arrest the execution of a void judgment, or order, in a case of contempt, and discharge the party unlawfully committed.

A commitment under a conviction for contempt, like any sum-

mary conviction authorized by law, is a commitment in execution, and the judgment of conviction is not subject to revision in any other court, unless specially authorized by statute. And as our law does not allow appeals in cases of contempt, it is authoritatively settled that the decision of a district court cannot, on *habeas corpus*, be called in question for the purpose of revision. (Floyd v. The State, 7 Texas, 215; Jordan v. The State, 14 Texas, 441.)

And on the same authority, and for the same reason, it may be held that a decision in a case of contempt by a justice of the peace, or any other inferior tribunal, cannot be revised on *habeas corpus*.

The writ of *habeas corpus* is not a writ of error, nor is it another mode of appeal; its object is the vindication of the right of personal liberty, when illegally restrained.

" It is not, strictly speaking, a power of revision, which includes properly the power to affirm or reverse the judgment or order, and so establish or destroy it; but a power to arrest the execution of a void judgment or order. It acts directly on the effect of the judgment, to-wit: the imprisonment; but only collaterally on the judgment itself."

" The jurisdiction, therefore, under the writ of *habeas corpus* over the judgment or order relied on to justify the imprisonment, is only collaterally appellate." (Hurd on *Habeas Corpus*, 330.)

The same author also says : " The jurisdiction over the process being only *collaterally* appellate, the *habeas corpus*, as before intimated, cannot have the force and operation of a writ of error or a *certiorari*; nor is it designed as a substitute for either. It does not, like them, deal with errors or irregularities which render a proceeding voidable only; but with those radical defects which render it absolutely void." (Hurd on *Habeas Corpus*, 332.)

A judgment of conviction for contempt may be attacked on *habeas corpus* " for any gross defect in the proceedings as render the judgment and commitment void." (Hurd on *Habeas Corpus*, 412.)

There is in this case no warrant of commitment, and no reference to any judgment of conviction, by the mayor. The only authority for the detention of the applicant set forth in the return, is a simple order that he be held in custody, etc.; and whether this order was verbal or of record does not appear.

"A court has power to punish by commitment for contempt. * * * * When the committal is by way of punishment it ought to be certain as a sentence." (Addison on Torts, 621.)

Again, the same author says, "a contempt of court being a criminal offense, no person can be punished for it unless the specific offense charged against him be distinctly stated."

In Mississippi it was held, on *habeas corpus*, that where it did not appear from the return that there had been a judgment that the party had been guilty of a contempt, the commitment was unlawful. (25 Miss. Rep., 883.)

In Pennsylvania it is held that the Supreme Court has power to revise the proceedings by an inferior tribunal for a contempt of court, to see that they have not overstepped their jurisdiction and exercised this summary power in cases unwarranted by law. (9 Watts., 430.)

In California, in a case of contempt, on *habeas corpus*, the Supreme Court said : " We are satisfied that the court exceeded its jurisdiction in making an order which, from the record alluded to, was equivalent to a sentence of imprisonment for life. * * * It is ordered that the prisoner be discharged." (6 Cal. Rep., 320.)

Again, in the same court, in the case of Adams v. Haskell and Woods, the court said: " In this case the court exceeded its jurisdiction in ordering the party to be imprisoned until he paid into court certain moneys paid to him for fees and disbursements made by him. The affidavit of the party is uncontradicted, and shows that he has complied, as far as it is possible, with the order of the court, and that it is not in his power to comply further. This is

sufficient expurgation, and the order directing his imprisonment was, under these circumstances, an excess of jurisdiction and void.

" While we admit that courts are the exclusive judges of their own contempts, still, by our statute, a party cannot be imprisoned for neglecting or refusing to perform an act, where it appears that it is not in his power to perform the same." (6 Cal. Rep., 318.)

The power of the Supreme Court and its judges, and of the district court and the judges, to issue writs of *habeas corpus*, and to exercise a general superintendence and control over inferior tribunals, is granted in express terms in the Constitution.

And it requires no aid of the legislative department to enable either court, on *habeas corpus*, to inquire into the validity of a commitment by an inferior court, and to discharge from imprisonment, if it plainly appear that the commitment was void.

If therefore, in looking into the record of this case it appear that the applicant was committed under a void conviction, he is entitled to his discharge.

The " act " or " omission " which constitutes the alleged contempt of Holman was his refusal to answer the question, above given, propounded to him by the court.

There is no intimation that he committed a contempt in his manner of refusing to answer the question.

The refusal of a witness to answer a legal and proper question is a decided contempt; and no matter in what respectful terms, or deference of manner, the refusal is made, he stands out against the authority of the court, and for that act he may be summarily dealt with by the court as for a contempt.

" No court of justice could accomplish the objects of its existence unless it could in some way preserve order and enforce its mandates and decrees. The common method, which is usually the only effectual one of doing these things, is by the process of contempt. * * * By this process a court can compel a witness to answer a *proper question*." (2 Bishop Criminal Law, 234 and 240.)

The legality of the commitment, however, depends upon the power or jurisdiction of the court to ask the question.

If the question be "improper;" if the court interrogate a witness about a matter over which it has no jurisdiction, and about which it has no right to inquire, the refusal of the witness to answer the interrogatory is no contempt of court, and any order or decision which punishes the refusal to answer as a contempt, is void.

"Justices cannot, of course, give themselves jurisdiction by erroneously and capriciously deciding contrary to the truth upon the question upon which their jurisdiction depends. Justices cannot give themselves jurisdiction by finding that as a fact which is not a fact." (Lawrence, J., in Welch v. Nash, 8 East., 403.)

The subject matter of this interrogatory lies outside the boundaries which circumscribe the jurisdiction of the mayor, and he cannot bring it within his jurisdiction by calling it a contempt.

To require a witness to submit to answer an illegal and improper question must be regarded as the personal command of the judge, rather than the judicial order of the court.

Indeed, if it were true, as the mayor assumed, that the witness had any personal knowledge, according to the opinion of Justice Lipscomb in Simons v. Simons, 13 Texas, 473, he could not have returned an answer to the question without branding himself with dishonor and committing a fresh offense against public morals and decency.

The decision of the district judge is, therefore, reversed, and it is ordered that the appellant, R. F. Holman, be discharged.

Ordered accordingly.