## THE STATE v. D. THURMOND.

1. In proceedings for contempt, the court whose authority or mandate has been contemned is the sole judge of the extent and culpability of the contempt, as well as the exclusive judge of the answer to purge that contempt.
2. The Supreme Court, as an appellate tribunal, has no revisory power over the judgments of the District Courts in cases of contempt.

APPEAL from Panola. Tried below before the Hon. M. W. Wheeler.

The facts of the case are sufficiently stated in the opinion of the court.

*Wm. Alexander, Attorney-General,* for the State.

No brief for the appellee has reached the hands of the reporter.

OGDEN, J.   A judgment *nisi* was entered in this case against a defaulting witness for a contempt of court in disobeying a subpœna; *scire facias* issued, and at the next term the witness came in and filed an answer, showing cause why the judgment *nisi* should not be made final, and praying that the same be set aside, and he be dismissed with his costs.

This was a proceeding against the party for a contempt, and that court whose authority and mandate had been contemned was, and is, under the statute, the sole judge of the extent and culpability of that contempt.   If the party has in his answer fully purged the contempt, he is entitled to have the fine remitted and be discharged.   But, as the court is the exclusive judge of the contempt, so it is also the exclusive judge of the answer to purge that contempt.   Article 2925, Paschal's Digest, provides, " It shall be in the *discretion* of the court to judge of " the sufficiency of an excuse rendered by the witness."   And if the court has exercised that discretion, and decided upon the merits of the answer, that is an end of the controversy.

In the case at bar, the court, in the exercise of its legal discretion, adjudged the answer sufficient to purge the witness of all contempt, and the judgment *nisi* was set aside and the case dismissed.   In other words, upon a sufficient showing that the party intended no disrespect for the dignity or authority of the court, the presiding judge, in his discretion, saw fit to forgive the apparent contempt, and to dismiss the party without punishment ; and now, if we had full authority, we should hesitate exceedingly before pronouncing that ruling of the court erroneous.   But this, as an appellate court, has no revisory power over the judgments of the District Courts in cases of contempt. (Crow *v.* The State, 24 Texas, 14.)   This is the language of the authorities, the statutes, reason, and common sense ; and we are not willing, now, to take the responsibility of controverting that just rule.   We are therefore of the opinion that the appeal in this case is without authority of law, and the same is dismissed.

Appeal dismissed.