EX PARTE J. T. KILGORE AND J. C. JOHNSON.

3   247
37  527

1. CONTEMPT OF COURT.—In proceeding against a party for contempt of court committed by disobedience of its process, the proper practice is, first, to enter a rule *nisi* against him, fully setting forth the cause and manner of the alleged contempt; and thereupon to issue *scire facias*, or similar citation, copying or embodying therein the rule *nisi*, and requiring him to show cause why the rule should not be made absolute. He is entitled to controvert the allegations against him, and to have an investigation of them upon the merits.

2. SAME.—Whatever mode of procedure be adopted, judgment final for a contempt not committed in view or presence of the court is void if rendered without apprising the party of the matters alleged against him, or allowing him to controvert them, and to have an adjudication upon the merits.

3. SAME—EVIDENCE.—An affidavit setting forth the affiant's belief of the alleged matter of contempt, without positively stating its truth, is not evidence of the charge.

4. HABEAS CORPUS.—A party detained in custody under void proceedings purporting to adjudge him to be in contempt of court is entitled to relief by *habeas corpus*. But, unless the proceedings be *void*, they cannot be impugned by *habeas corpus* or otherwise—the inherent power of all courts to punish for contempts being fully recognized.

5. SEE the opinion *in extenso* upon the subject of contempts of court, and the mode of procedure therein.

HABEAS CORPUS sued out to the Court of Appeals.

A full, clear, and connected statement of all material facts is embodied in the opinion of the court. The affidavit of William Boon, upon which the relators, Kilgore and

Johnson, were attached for contempt of the County Court of Gregg County, was based upon the information and belief of the affiant.

*F. J. McCord,* for the relators.

*George McCormick,* Assistant Attorney General, for the State. The County Courts have the same authority in matters of contempt that our District Courts have. Gen. Laws Fifteenth Legislature, 21, sec. 16.

The proceedings were regular and in accordance with the practice as given by Sayles. Sayles' Pr., sec. 127; Clay's Case, Ky. Dec. 221; *Crow* v. *The State,* 24 Texas, 12.

The parties herein, when called to answer the contempt, the affidavit having been filed against them, were *prima facie* in contempt, and should have purged it when called upon by the court; and their failure to do so, after opportunity given them, was an admission that authorized the court to punish them.

The Supreme Court will not grant a *habeas corpus* when a party has been committed for a contempt by a court having competent jurisdiction, and, if granted, would not inquire into the sufficiency of the cause of commitment. Upon this point see 3 U. S. Dig., 1st series, title Contempt, sec. 144, where the authorities are cited.

Whether a contempt of court has been committed, and how it shall be treated, are questions for the discretion and judgment of that court, and its decision will be interfered with only when there is a *most* flagrant abuse of discretion. *Cabott* v. *Yarborough,* 27 Ga. 476.

A person who is served with an order apparently valid is bound either to obey such order, or at once to move for such correction as he may think necessary. On a motion to commit for contempt for disobedience to the order, the only issues are as to the regularity of the proceedings under

the order and the excuse for disobedience. *Hilton* v. *Patterson*, 18 Abb. Pr. 245; 3 U. S. Dig., sec. 341, title Contempt.

Mere irregularities in the proceedings will not entitle a party to be discharged, if the officer has jurisdiction. *Meyers* v. *James*, 3 Abb. Pr. 301; 3 U. S. Dig., title Contempt, sec. 356.

Every fact found by a court in a proceeding for contempt is to be taken as true, and every intendment is to be made in favor of its record, if it appears within the jurisdiction of the court. *The Commonwealth* v. *Newton*, 1 Grant Cas. 453.

There being no appeal in cases of contempt, the writ of *habeas corpus* cannot be used to effect the purpose of an appeal. Hurd on Hab. Corp.; Ex parte *Dennis Call*, 2 Texas Ct. App. 497.

The right of punishment for contempt by summary conviction is inherent in all courts of justice, and is essential to their protection and existence. A commitment under such conviction is not subject to review in any other court. It cannot be attacked under the writ of *habeas corpus* except for such gross defects as render the proceeding *void*. Hurd on Hab. Corp. 412 *et seq.*, and authorities cited.

I submit that this court will not discharge the relators unless it appears that the proceedings under which they are held are absolutely void.

An affidavit was filed against them; they were arrested and appeared before the court while it was in session at its criminal term — the proper term, as this is a proceeding to be conducted in the name of the state and of a criminal character. They refused to purge the contempt, after an opportunity was offered them; and I respectfully submit they should be remanded to the custody of the sheriff of Gregg County until the fine and costs are settled.

WHITE, J.   This case is an original application to this court for a writ of *habeas corpus.*   The facts as developed by the papers and evidence are that, on October 29, 1877, one William Boon made an affidavit before John F. Witherspoon, county judge of Gregg County, that the relators, J. T. Kilgore, who was a justice of the peace of Precinct No. 6, and J. C. Johnson, who was constable of Precinct No. 4 of Gregg County, did, on October 27, 1877, "then and there unlawfully, knowingly, and willfully violate, ignore, and disregard a writ of *certiorari* issued out of the County Court and served on them on the 27th day of October, wherein they were required to desist from any further proceedings in the case of *William Boon and F. M. Boon* v. *John T. Kilgore, Justice of the Peace, Gregg County, Texas,* under and by virtue of the said writ of *certiorari,* until further orders of the County Court."

On the same day the county judge issued an attachment for the arrest of the relators, commanding the officer to have their bodies before him *instanter* at the court-house of Gregg County, "to answer the complaint of willfully disregarding and violating a writ of *certiorari* and *supersedeas* served on them, issued from the County Court of Gregg County on the 26th day of October, 1877, in the case of *William Boon and F. M. Boon* v. *John T. Kilgore, Justice of the Peace,*" etc.   It appears that these papers were not filed in, nor was any case docketed in, the County Court against these parties, based upon these proceedings.

On October 31st the parties were brought into court, when the matter was continued over, upon motion of the county attorney, until November 5th, which was the first Monday in the month fixed by law for the trial of criminal business.   The court proceeded to dispose of the regular business, which consumed the day.   On Tuesday morning the judge called up the matter — the papers not having yet

been filed or docketed, and no information presented upon them. The affidavit was read, when the court called upon them to file an answer purging themselves of contempt. Defendants declined to do so; whereupon, without any evidence having been introduced of any character whatever, the judge entered the following order as judgment, viz. :

" *The state of Texas, county of Gregg.   County Court in and for the November term, A. D. 1877:*

" On this the 6th day of November, A. D. 1877, the sheriff, M. L. Durham, brought into open court John T. Kilgore, justice of the peace of Gregg county, and J. C. Johnson, constable of Gregg, under and by virtue of a warrant or attachment issued by the county judge in vacation, upon the complaint of William Boon, for willfully and unlawfully violating and refusing to obey a writ of *certiorari* and *supersedeas* issued by the clerk of this court, by order of the county judge, on the 26th day of October, A. D. 1877, and styled *William Boon and F. M. Boon* v. *John T. Kilgore, Justice of the Peace, Gregg County, Texas,* and served upon them by M. L. Durham, sheriff, by A. A. Killingsworth, deputy sheriff, of Gregg county, on the 26th and 27th days of October, 1877, respectively; and, the court having informed said Kilgore and said Johnson that they would be heard for the purpose of giving them an opportunity of purging themselves of the contempt charged against them, they, through their attorneys, declared they would not do so; wherefore it is ordered by the court that a fine of one hundred dollars be entered against the said John T. Kilgore, and a fine of one hundred dollars be entered against the said J. C. Johnson, for contempt of court for unlawfully and willfully violating and refusing to obey the writ of *certiorari* and *supersedeas* issued in the case of *William Boon and F. M. Boon* v. *J. T. Kilgore;* and that they remain in the custody of the sheriff until said fines are respectively paid."

The court then adjourned until two o'clock, P. M., to

have the minutes written up, and ordered the papers to be filed. When the court convened at two o'clock, defendants offered to waive the issuance of a *scire facias* and file their answer as follows, viz. :

" *The state of Texas, county of Gregg.*   Ex parte *John .T. Kilgore and J. C. Johnson.*

" Now at this term of the honorable County Court in and for the said county and state come the aforesaid defendants, and file their answer to the judgment this day entered against them in said court for an alleged contempt in disobeying process of this court, and say under oath that they, nor either of them, have ever disobeyed any process or order of this court as alleged in the affidavit on which the warrant was issued on which these defendants were arrested, and that there is and has never been tried in Precinct No. 6, nor is any such case shown on the docket of said precinct as the one referred to in the warrant or affidavit on which defendants are arrested ; wherefore, defendants pray that they be discharged from custody.

[Signed]                               " JOHN T. KILGORE.
                                       " J. C. JOHNSON."

This answer was sworn to before the county clerk.

The court refused to consider or allow this answer to be filed, and informed the defendants that the judgment as already rendered was final. Defendants then moved to set aside the judgment, which motion the court would not consider or allow to be filed.

These are substantially the facts as they have been made to appear before us in evidence on the trial of the writ of *habeas corpus* granted by this court.

We are of opinion that, in rendering a final judgment under the circumstances, the court acted without authority of law, and that consequently the judgment is void, and relators should be discharged from custody.

The practice in such cases of contempt is laid down by

Mr. Sayles thus: "If the offense was not committed in the view or presence of the court, the proper practice is to enter a judgment *nisi* for the amount of the fine, and *scire facias* is issued commanding the person against whom the judgment is rendered to appear, usually at the next term, and show cause why the judgment for the fine shall not be made absolute against him. * * * The party is entitled to answer under oath, showing cause, if any he can, why he should not be punished for the contempt. It is for the court to decide whether the answer purges the contempt or not. The court is not confined to the answer, but may hear other evidence upon the question of fact involved. If the party purges himself of the contempt, the judgment *nisi* ought to be set aside; or, according to the merits of the answer, the court in its discretion may remit the fine in whole or in part, and with or without costs." Sayles' Prac., sec. 127; *Crow* v. *The State*, 24 Texas, 12.

In the case of Ex parte *Ireland*, our Supreme Court said: "We believe it to be the true practice, when a person is charged with a contempt of court, that, before any final punishment should be assessed against him, a citation should issue against him, and calling on him to show cause why he should not be punished for the alleged contempt. This rule, however, should not interfere with the right of the court to order the arrest or fine of persons for misbehavior by act or word in the presence of the court, or so near thereto as to interfere with or obstruct the administration of justice." 38 Texas, 351.

Again, an order or rule *nisi* of a court, inflicting a punishment for contempt, should state the facts on which it is founded. Ex parte *Field*, 1 Cal. 187; Ex parte *Rowe*, 7 Cal. 181.

In the case at bar the court should in the first instance have entered a rule *nisi* against the relators, which, in addition to what was stated as the cause of the supposed

contempt, should have further declared wherein and how the relators were disobeying, ignoring, and disregarding the writ of *certiorari*, and the *scire facias* issued upon the rule *nisi* should either have copied the rule *in hæc verba* or have been full enough to put the parties upon specific notice of the supposed contempt, and what charge it was necessary for them to answer.

The court below was doubtless misled, as to the practice, by that portion of the text of section 127, Sayles' Practice, which says, " or the party may be brought in by summons or attachment in the first instance to answer the charge." In support of this practice, Mr. Sayles cites Clay's case, Ky. Dec. 21. We have had no access to this case, but we apprehend that in that case there is nothing in conflict with the rule which, though otherwise held in some of the states, is by us deemed just, proper, and right, that, whatever the process may be which is issued, it must be a full and complete notification to the party of the subject-matter, and when, how, and by what means he has been guilty of the supposed contempt charged against him. And, even after a party is brought into court by summons or attachment, we conceive that the judgment upon hearing would be a judgment *nisi* in the first instance, unless, as was proposed by relators in this case, the writ of *scire facias* was waived and the matter inquired into upon an answer sworn to, and an adjudication had after a full investigation upon the merits.

This brings us to the consideration of what we conceive was another error committed by the court. The judgment final was rendered without the introduction of any evidence to prove the allegations in the complaint. The parties were charged with disobeying and disregarding a writ of *certiorari*. There should certainly have been some evidence of that fact before they could have been adjudged guilty of its commission. An affidavit made by a party at interest

would not of itself simply be sufficient to establish the fact; and more especially are we induced to adopt this conclusion when, as in the present case, the parties offered in a sworn answer to purge themselves of any supposed contempt, and denied most positively and emphatically that they had violated or disregarded the orders or writs of the court in the manner set out in the affidavit.

The errors committed may be summed up as follows:

1. The affidavit did not sufficiently set forth the grounds of the supposed disobedience of the writ of *certiorari*, and in what it consisted.

2. The summons or attachment did not sufficiently apprise the parties of the supposed contempt they were called upon to answer, and was made upon belief of affiant, and not stated positively as a fact.

3. The judgment should not have been final in the first instance unless the parties had answered fully or waived the issuance of *scire facias*.

4. A judgment of conviction for contempt, and fine and imprisonment, should not have been imposed without some evidence establishing the facts upon which the supposed contempt was predicated, the affidavit itself not being sufficient, and the supposed contempt not having been committed in the presence or hearing of the court.

These errors, we think, render the proceedings against these relators void, and are such as can be reached by means of the writ of *habeas corpus* in this court. We are fully cognizant of, and recognize to the fullest extent, the fact that " the right of punishing for contempts by summary conviction is inherent in all courts of justice, and essential to their protection and existence. A commitment under such conviction is a commitment in execution, and the judgment of conviction is not subject to review in any other court unless especially authorized by statute. It cannot be attacked under the writ of *habeas corpus* except for

such gross defects as render the proceeding void." Hurd on Hab. Corp., 412.

Whilst we are constrained for the reasons above stated to consider the proceedings in this case void, we deem it but due to justice to state that in the argument of this cause, counsel for relators have admitted, and this court is satisfied, that, throughout the whole proceedings in the course pursued, the county judge of Gregg County was actuated solely from a sense of duty and an honest and commendable endeavor to uphold and maintain the dignity and authority of the court over which he presided.

The judgment of the lower court, finding relators guilty of a contempt and imposing a fine upon them, is reversed, and relators are discharged from custody.

*Ordered accordingly.*