## THE STATE *v.* NEWTON.

VENUE, CHANGE OF.—*Justice of the Peace.*—*Attachment of Recusant Witness.*—*Contempt.*—*Trial by Jury.*—A witness who had refused to obey a subpœna which had been duly issued by a justice of the peace, and served upon him, on being attached for contempt, instead of attempting to purge himself thereof, filed an affidavit for a change of venue on the ground of the alleged bias and prejudice of the justice.

*Held,* that a justice of the peace has the power to enforce the attendance of recusant witnesses by attachment and fine.

*Held,* also, that such proceeding is summary, that no trial is necessary, and that, if the witness fail to purge himself, he must either pay the fine assessed against him or appeal to the circuit court.

*Held,* also, that such proceeding is neither a civil action nor a state prosecution, and that the recusant witness was not entitled to a change of venue.

From the Laporte Circuit Court.

*G. Ford,* Prosecuting Attorney, *C. H. Wilson* and *T. W. Woollen,* Attorney General, for the State.

*J. Crumpacker, M. K. Ferrand* and —— *Traver,* for appellee.

Howk, C. J.—We take the following statement of the facts of this case, and of the ground of the decision of the court below, from the brief of the counsel for the appellant:

" The facts on which this case rests, as shown by the record and here stated in brief, are as follows :

" On December 17th, 1877, a complaint in the case of *The State of Indiana* v. *Dicks et al.,* assault and battery, was pending before William Rimpler, justice of the peace of Centre township, Laporte county.

" The defendant Dicks was arrested, and the hearing of the case against him was set down for trial on January 4th, 1878. On December 17th, 1877, a subpœna was properly issued to one Albright, constable of said township, commanding him to summon said Lambert C. Newton to appear and testify in said cause on said January 4th, 1878.

On December 31st, 1877, this subpœna was duly served on said Newton, 'by reading,' and a proper return was made by the officer, showing the fact, manner and time of service.

"On January 4th, 1878, the return day of the subpœna and the day fixed for the trial of the said cause, the witness, Newton, failed to appear, and a writ of attachment for contempt in refusing to obey said subpœna was issued by said justice.

"This writ of attachment was returned, served on January 12th, 1878, and the defendant Newton brought into court. The hearing of said alleged contempt was continued until January 15th, 1878, when the defendant filed an affidavit, alleging 'bias and prejudice' against the justice, and moved for a change of venue to some other justice of said township. This application for a change of venue was overruled, and the defendant demanded a jury to try him. A jury was thereupon empanelled, heard such evidence as was submitted to them, failed to agree upon a verdict and were discharged. Said cause was thereupon continued until January 19th, 1878, when the defendant again demanded a jury, which was refused by the justice. The defendant filed no answer and made no attempt to purge himself of the contempt, and the justice found him guilty of a wilful disobedience of said subpœna, and fined him three dollars for his contempt. The defendant appealed to the Laporte Circuit Court. At the February term of said court, to wit, on February 6th, 1878, the said Newton filed a motion to dismiss the proceedings in attachment against him, and to be discharged from custody, which motion was sustained by the court, and the defendant was discharged.

"To the granting of the motion to dismiss, and to the order discharging the defendant from custody, the appellant at the time objected and excepted.

"The ground upon which the defendant was discharged.

by the court, and the reason why the cause against him was dismissed, were stated by the court to be, that, upon the filing of the affidavit before the justice, alleging 'bias and prejudice,' and asking a change of venue from him, the justice should have granted the change asked for, and thereafter he had no jurisdiction of the case, and consequently the judgment for the fine assessed was void."

The State has assigned, as error, the decision of the circuit court, in dismissing the attachment proceedings, and in discharging the appellee from custody. The question for our decision, in this case, underlies the decision of the circuit court, and may be thus stated: Was the appellee entitled of right, under the law, in the proceeding instituted against him for contempt, to a change of venue from the justice upon any ground?

In section 46 of an act defining, among other things, the "jurisdiction, powers and duties" of justices of the peace, in civil cases, it is provided, that "Justices shall have power to subpoena witnesses and enforce their attendance by attachment and fine, not exceeding five dollars, to enforce order when judicial proceedings are in progress before them, by fine not exceeding five dollars, and imprisonment not exceeding three hours." 2 R. S. 1876, p. 617. It will be seen, that these provisions of the statute are general, and apply to all cases, whether criminal or civil, before justices of the peace. There can be no doubt, therefore, that the justice of the peace had the power, in this case, to issue a summons or subpoena for the appellee, as a witness in the matter then pending before him, and to enforce his attendance by attachment and fine, not exceeding five dollars.

In section 17 of "An act prescribing the powers and duties of justices of the peace in state prosecutions," approved May 29th, 1852, it is provided, that "Changes of venue shall be granted on the application of the prisoner,

as in civil cases," etc.   2 R. S. 1876, p. 673.   In section 27 of the act first cited, it is provided, that " Changes of venue shall be granted, at any time before the trial is commenced, whenever affidavit is made before the justice by either party.:       *       *       *       *       *       *       *

" *Second.* That such affiant believes he can not have an impartial trial before such justice, on account of his interest, bias or prejudice."   2 R. S. 1876, p. 611.

When the appellee was attached and taken before the justice, to answer the alleged contempt by him committed in failing to appear as a witness, in obedience to a summons or subpœna before that time duly served on him, instead of purging or attempting to purge himself of the alleged contempt, he filed his affidavit for a change of venue from the justice.   The ground of this application for a change of venue was, that the appellee did not believe he could have a fair, impartial trial before the justice, before whom the contempt proceeding was then pending, " owing to the bias and prejudice of said justice."   The application was in proper form, and was founded upon the second statutory cause for changes of venue from justices.

If it can be correctly said, that the proceeding instituted by the justice against the appellee, to enforce his attendance as a witness by attachment and fine, was in any proper sense either a civil action or a state prosecution, then the language of the statute is mandatory, and the application ought to have been granted.   The proceeding was certainly not a civil action ; and it can not be regarded, we think, as a " state prosecution," within the meaning of that expression as used in the statute.   It is a proceeding *sui generis,* authorized by the statute, not for the punishment of crimes or misdemeanors, or the preservation of the peace, or the protection of the citizen from injury by violence, as is a state prosecution, but it is authorized as a shield and protection to the dignity and good order of the

courts of justices, and to enable them to discharge, without hindrance or unnecessary obstruction, the public duties which they are required by law to perform.

We are well satisfied that it was never intended there should be a change of venue in such a proceeding. The same justice who is authorized " to subpœna witnesses " is clothed by law with the power to " enforce their attendance, by attachment and fine." The proceeding is summary, there is no trial of the matter, but the attached witness must purge himself of the alleged contempt; and, if his purgation is not satisfactory, or if he is recusant in purging himself, he must pay the fine the justice may assess against him within the limit of the statute, or appeal therefrom to the criminal or circuit court of his county. He cannot have a change of venue from the justice whose process he has disobeyed and contemned, to any other justice. It is clear, we think, that the justice whose process has been disobeyed and contemned is the proper judge of the extent and culpability of the alleged contempt; and we are very certain, that the statutes of this State do not warrant or authorize any change of venue from such justice, in such proceeding. In our opinion, the justice properly overruled the appellee's application for a change of venue, and, as the appellee was recusant in purging himself of the alleged contempt, the justice had the power, under the statute, to assess a fine against the appellee. *Murphy* v. *Wilson*, 46 Ind. 537 ; *Wilson* v. *The State*, 57 Ind. 71, and authorities cited ; *Crow* v. *The State*, 24 Tex. 12 ; *The State* v. *Thurmond*, 37 Tex. 340 ; and 2 Bishop Criminal Law, sec. 243, *et seq.*

The court below erred, we think, in sustaining the appellee's motion to dismiss the proceedings in attachment against him, and in discharging him from custody.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the

appellee's motion to dismiss the proceedings in attachment against him and to discharge him from custody, and for further proceedings in accordance with this opinion.