Beck *v.* The State.

No. 7696.

BECK *v.* THE STATE.

ATTACHMENT FOR CONTEMPT.—*A Quasi Civil Proceeding.—Notice of Appeal.*—A proceeding against a party, requiring him to show cause why he should not be attached for contempt for an alleged violation of an

order in a civil action, is a *quasi* civil proceeding; and, where an appeal is taken from a judgment therein to the Supreme Court, the notice and service thereof are sufficient, when there is enough substance about either to inform the party notified that an appeal has been taken.

SAME.—*Appeal.*—*Appearance.*—*Waiver of Insufficient Notice.*—When an appeal is taken to the Supreme Court from the judgment of the court below, affixing a penalty for contempt of court, and the State's attorney appears in the cause and joins in error, such appearance and joinder must be taken as a waiver of all objections to the sufficiency of the notice of appeal, and the service thereof by the attorney for the State.

RECORD.—*Affidavits.*—*Bill of Exceptions.*—*Practice.*—An alleged error in overruling a motion to quash the affidavits and order to show cause, in a proceeding against a party for contempt, will not be considered by the Supreme Court unless the affidavits are made part of the record by a bill of exceptions, or order of court.

PRACTICE.—*Defective Record.*—*Presumptions.*—Where, under an assignment of error, that the court erred in overruling a motion for a new trial, the evidence is not in the transcript, and the record fails to show that the court erred in its ruling, it will be presumed that such decision was right.

From the Allen Circuit Court.

*J. Q. Stratton* and *I. Stratton*, for appellee.

*D. P. Baldwin*, Attorney General, *J. F. Morrison*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

HOWK, J.—On the 12th day of February, 1878, one William H. Myers filed in the Allen Civil Circuit Court his complaint, duly verified, against the Allen County Medical Society and the said Joseph R. Beck, as the defendants in a civil action. In said complaint the said Myers alleged, *inter alia*, that he was, and had been for more than fifteen years, a practicing physician in the city of Fort Wayne, and was then, and for four years past had been, a member in good standing of the said Allen County Medical Society; that the said Joseph R. Beck had entered into a conspiracy with certain named persons, and with certain other persons, whose names were stated to be unknown to said Myers, to injure him, said Myers, and destroy his reputation as a physician, and to dismiss him from membership in said medical society,

and to injure and destroy his character and reputation as a physician in the State and National Medical Association; that his dismissal from said Allen County Medical Society would cause his dismissal from the state and national associations, and work irreparable injury to said Myers in his character and business as a physician; that, in pursuance of said conspiracy, the said Beck had caused certain charges and specifications to be served on said Myers, and a notice that he would be tried thereon on a day named and at a specific hour, in and by the said Allen County Medical Society; that the said Beck and the persons named, with whom he had conspired, were all members of said society, and would probably constitute a majority of all the members present at the time designated for said trial of said Myers, and that they had each and all prejudged his cause, and would, as he was informed and believed, each and all vote for his expulsion from said society, without regard to the evidence that might be adduced on said trial; that said charges and specifications were a sham and utterly frivolous, and only intended as a pretext to enable said persons to carry out their said conspiracy, and, as he believed, would result in his dismissal or expulsion without regard to facts or evidence, or the legality of the same, under the code of ethics of said society, etc. Wherefore, etc.

Upon the filing of said verified complaint and the proper undertaking, the court in term time made an order, pursuant to the prayer of said complaint, enjoining and restraining the said Allen County Medical Society and Joseph R. Beck, and each of them, and their officers and agents, from all further proceedings upon the said charges and specifications preferred by said Beck against the said Myers, before the said society, until the 22d day of February, 1878. Afterward, on the 15th day of February, 1878, it was shown to the court, by the sheriff's return to said restraining order and the affidavit of said Myers, that the said Beck and di-

Beck v. The State.

vers other members of said society, with notice of said order and in violation thereof, had proceeded with the trial of said Myers upon the said charges and specifications, so preferred against him by the said Beck before the said society. Thereupon, on motion of said Myers, it was further ordered by the court that the said Beck and the other named members of said society should show cause to said court, on the 16th day of February, 1878, at 9 o'clock A. M., why they should not be attached and punished as for a contempt of the court for their said violation of said restraining order.

All of the persons named in the said last order of the court, except the said Joseph R. Beck, afterward showed cause, to the satisfaction of the court, why they should not be punished as for a contempt for their participation in the violation of the aforesaid restraining order, and were discharged from the attachment. The court found that the said Beck was guilty of a contempt of the court, in his violation of the terms of said restraining order, and assessed against him, as a penalty therefor, a fine in the sum of twenty-five dollars; and his motion for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment against him for said fine and costs, and from this judgment this appeal is prosecuted.

The attorneys for the State have moved this court to dismiss this appeal for the reason that the notices of the appeal, which were served on the clerk and prosecuting attorney of the court below, and upon the plaintiff, Myers, in the civil action wherein this case originated, were not entitled in the same names as this appeal is entitled in the appellant's assignment of errors. If it could be said that the case at bar was, in any strict sense, a state prosecution, within the meaning of the criminal code of this State, the sufficiency of the notices of appeal might well be doubted. In appeals to this court in criminal cases, the provisions of section 152 of the criminal code must be complied with, and the

notices of such appeals must be served in the manner, upon the officers and within the time therein provided for.    2 R. S. 1876, p. 411.    These statutory notices constitute an appeal in criminal cases; and in such cases there might be some reason for holding that the notices should be entitled as the case is entitled in which the appeal is sought to be taken.    *McLaughlin* v. *The State*, 66 Ind. 193; *Buell* v. *The State*, 69 Ind. 125.

But the case now before us is not a criminal action nor a state prosecution, within the meaning of those expressions as used in the statute.    As shown by our statement of the case, it is a proceeding against the appellant and divers other persons, having its origin in a civil action then pending in the Civil Circuit Court of Allen county, requiring him and them to show cause before said court why he and they should not be attached as for a contempt for an alleged violation of a restraining order, previously made and entered in said civil action.    Such a proceeding is *sui generis*, authorized by law, not for the punishment of crimes or misdemeanors, or for the preservation of the peace, or for the protection of the citizen from injury by violence, as is a criminal action or a state prosecution; but it is authorized as a shield and protection to the dignity and good order of the courts, and to enable them to enforce their lawful orders and to discharge, without hindrance or obstruction, the high public duties which they are required by law to perform.    *The State* v. *Newton*, 62 Ind. 517.

Such a proceeding, instituted for such a purpose, in aid of a civil action, may fairly be said to be a *quasi* civil proceeding; and in a civil proceeding the notices and the service thereof, under section 37 of the code, must be adjudged sufficient where, as in this case, there was enough substance about either to inform the parties notified, that an appeal had been taken to this court.    2 R. S. 1876, p. 49.    We think, therefore, that the State's motion to dismiss this appeal must

be overruled. Besides, the record discloses the fact that, on the 26th day of February, 1879, the State's attorney appeared in this court, and, without any objection to the sufficiency of the notices, joined in error in this cause. This must be taken, we think, as a waiver of all objections to the sufficiency of the notices and the service thereof, by the attorneys for the State. *The Peoples Savings Bank* v. *Finney*, 63 Ind. 460; *Ridenour* v. *Beekman*, 68 Ind. 236. The State's motion to dismiss the appeal was not made until the 15th day of December, 1880, nearly two years after the State's joinder in error. Clearly, therefore, the motion came too late.

The following decisions of the circuit court are assigned here as errors by appellant:

1. In overruling his demurrer to the appellee's complaint for a writ of attachment against him;

2. In overruling his motion to quash the complaint and writ of the court against him to show cause why he was not in contempt of the court, and should not be attached therefor;

3. In overruling his motion to be discharged from the rule of the court to show cause why he should not be attached for contempt, upon his affidavit purging himself of any contempt of said court, and in hearing oral proof thereon over his objections and exceptions; and,

4. In overruling his motion for a new trial.

We have not found in the record of this cause what is called in the first alleged error "the appellee's complaint," nor have we been able to find any demurrer, on the part of the appellant, to "the appellee's complaint." It is certain that the transcript of the record now before us does not contain any complaint by or in the name or on the behalf of the State of Indiana, the only appellee in this cause in this court; nor does it contain any demurrer, on the appellant's part, to any such complaint. There are two complaints in the transcript, one of which is the complaint

of William H. Myers, in a civil action, against The Allen
County Medical Society and Joseph R. Beck, for an injunc-
tion, and the other is called, in the proceedings of the court
in that action, the plaintiff's "additional and supplemental
complaint." There is only one demurrer set out in the rec-
ord, and that is the demurrer of the defendants to the "plain-
tiff's complaint and affidavits," in the case entitled William
H. Myers v. The Allen County Medical Society and Joseph
R. Beck. This is not an appeal in the civil action, and, so
far as we are advised, no appeal has yet been taken therein
to this court. There is nothing in the transcript before us
to indicate that the case had been disposed of, in any man-
ner, at the time this appeal was taken.

The demurrer above referred to was overruled by the
court, but it is certain, we think, that the ruling on that de-
murrer has not been assigned as error by the appellant in
this court. We are constrained to say that the first alleged
error is not to be found in the transcript of this cause, as
neither the complaint, nor the demurrer, nor the ruling of
the court, mentioned in said first error, can be found in any
part of the transcript.

2. The second error assigned is, that "the court erred
in overruling the appellant's motion to quash the complaint
and writ of the court," etc. There is no such motion as
the one mentioned in this alleged error to be found in the
transcript. There is a joint motion of the Allen County
Medical Society and Joseph R. Beck, "to quash the affida-
vits and order to show cause," etc., copied into the record,
and it is probable that this joint motion is the one referred
to in the second supposed error. We are of the opinion,
however, that the error assigned was not sufficient to call in
question here the ruling of the trial court upon the motion
actually made, and especially so as the affidavits in question,
which the appellant moved to quash, were not made a part
of the record of this cause, either by a bill of exceptions or

by an order of the court.   The act of the clerk in copying these affidavits did not make them a part of the record, and as they were not brought into the record in any proper or legal mode, of course they could not be considered, even if the error assigned had fairly presented the ruling of the court on the appellant's motion to quash them, and the question of their sufficiency.   It is well settled by the decisions of this court, that such affidavits could only be made a part of the record, either by a bill of exceptions or by an order of the court.   *Kimball* v. *Loomis*, 62 Ind. 201 ; *Fryberger* v. *Perkins*, 66 Ind. 19 ; *Heath* v. *West*, 68 Ind. 548.

3.  What we have said in relation to the second error is equally applicable to the third error assigned by the appellant.   The affidavit referred to in the third error was not made part of the record, in either of the modes prescribed by law.   The error complained of, therefore, is not properly shown by the record, and presents no question for the decision of this court.

4.  The record fails to show, in any manner, that the court erred in overruling the appellant's motion for a new trial. The evidence is not in the transcript, and the supposed causes for a new trial are none of them shown to be true, in any proper or legal manner.   We can not say, from the record before us, that the rulings complained of were erroneous ; and, in such cases, the trial court is entitled to every fair and legal presumption in favor of its decisions. *Myers* v. *Murphy*, 60 Ind. 282.   The necessity of any motion for a new trial, in such a case as this, is a question not now before us, and is not decided.

We find no error in the record which would authorize a reversal of the judgment below.

The judgment is affirmed, at the appellant's costs.