**Louis T. GARCIA, Appellant,**

v.

**Josefa GARCIA, Appellee.**

**No. 14995.**

Court of Civil Appeals of Texas, San Antonio.

July 28, 1971.

Basil H. Taylor, San Antonio, for appellant.

KLINGEMAN, Justice.

Appellant, Louis T. Garcia, attempts to appeal from an order adjudging him in contempt of court for failure to make child support payments. Although appellant asserts ten points of error, the crucial question here involved is whether we have jurisdiction to hear such appeal.

Josefa Garcia was awarded a divorce from appellant by decree dated August 5, 1967. In such decree appellant was ordered to make child support payments of one-half of his social security payments monthly. In October, 1970, Josefa Garcia filed an affidavit for contempt alleging that appellant had not complied with the court's order with reference to child support payments. Upon a hearing thereof, appellant was found guilty of contempt of court in that he had failed and refused to make child support payments, aggregating the total sum of $540.00. Such order adjudging appellant in contempt further provides that appellant may purge himself of such contempt by paying to Josefa Garcia child support in the sum of $54.00 a month, plus a sum of $11.00 on such arrears, making a total sum of $65.00 until such sum in arrears is paid; failing in which appellant is to be incarcerated in jail until further orders of the court. It appears from the record that appellant is receiving social security payments of $108.00 a month. It does not appear from the record that appellant is incarcerated or under any character of restraint whatsoever.

■ It has been uniformly held in this State that the validity of a contempt judgment can be attacked only collaterally, and then by writ of habeas corpus. Deramus v. Thornton, 160 Tex. 494, 333 S.W.2d 824 (1960); Ex parte Arapis, 157 Tex. 627,

306 S.W.2d 884, 887 (1957); Wagner v. Warnasch, 156 Tex. 335, 295 S.W.2d 890, 893 (1956);[1] The State v. Thurmond, 37 Tex. 340, 341 (1872);[2] Ex parte Henderson, 300 S.W.2d 189 (Tex.Civ.App.—Beaumont 1957, no writ); Tims v. Tims, 204 S.W.2d 995 (Tex.Civ.App.—Amarillo 1947, writ ref'd); 12 Tex.Jur.2d, Contempt, Section 59.[3]

The case of Tims v. Tims, supra, is directly in point. Mrs. Tims filed an affidavit of contempt alleging that her husband had failed and refused to make the child support payments of $50.00 a month provided in the divorce decree, and had likewise failed and refused to deliver to her certain personal property decreed to her. The husband filed an answer containing a number of special exceptions and a plea of not guilty, and further contended that he was not financially able to pay the monthly payments decreed by the court in the divorce case. After a hearing the husband was held in contempt of court and conditionally assessed a fine of $100.00 and committed to jail for three days and until the fine was paid. The husband filed an appeal to the Court of Civil Appeals, and that Court, in dismissing said appeal for lack of jurisdiction, said: "It has been the well settled law of this State since the decision by the Supreme Court in the case of State v. Thurmont [sic], 37 Tex. 340, that no jurisdiction is vested in the appellate courts directly to review a contempt proceeding. The only manner in which such a proceeding and judgment thereon can be reviewed is by means of habeas corpus." (204 S.W.2d 995).

While appellant agrees that this is a correct statement of the law, he urges that the order appealed from in effect constitutes an order increasing child support payments. We have carefully examined such order and do not agree with this contention. The order itself is entitled "Order Adjudging Defendant in Contempt of Court." The sum recited to be the amount of child support is $54.00, which is one-half of the amount of the monthly social security payments being received by defendant, and is in accord with the original decree of divorce in which defendant was ordered to make child support payments of one-half of his monthly social security payments. The order adjudging defendant in contempt merely provides for a method of payment of his required child support payments, and the additional sum of $11.00 a month to pay the $540.00 found by the court to be in arrears.

The case before us, like Tims, is not an appeal from a judgment upon habeas corpus. It is an attempt to appeal directly from an order holding appellant in contempt of court and assessing against him a conditional punishment.

This Court is without jurisdiction to hear such appeal, and the appeal is therefore dismissed.

## CADENA, Justice (concurring).

I would dismiss the appeal solely on the ground that the order of which appellant complains is not a final judgment under the holding in Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956).

---

1. The Court referred to the following statement of the rule in 9 Tex.Jur., Contempt, Sec. 45: " 'A judgment of a court convicting a person of contempt is not subject to revision in any other tribunal, unless specially authorized by statute. In Texas the statutes made no provision for an appeal from an adjudication and commitment for contempt, and none for review by writ of error.' Relief must be sought by an application for a writ of habeas corpus."

2. "But this, as an appellate court, has no revisory power over the judgments of the District Courts in cases of contempt. (Crow v. State, 24 Texas, 14.) This is the language of the authorities, the statutes, reason, and common sense; and we are not willing, now, to take the responsibility of controverting that just rule. We are therefore of the opinion that the appeal in this case is without authority of law, and the same is dismissed."

3. "The only remedy to review a contempt proceeding and the judgment therein is by a collateral attack by a writ of habeas corpus when the relator is in custody."

In this case appellee's motion, after reciting appellant's failure to make the child support payments which he was obligated to make under the prior final divorce decree, prayed that appellant be jailed until he paid the arrears. The order of the court below merely required that appellant pay such arrears in monthly installments, "failing which, Louis Garcia is to be incarcerated in the Bexar County Jail until further orders of this Court."

It is clear that, under this order, the incarceration of appellant would have to be preceded by a hearing in order to determine whether he had complied with the order in question. The order does not finally preclude further proceedings in the trial court, nor does it dispose of all of the issues before the court. It merely imposes on appellant the same obligations which were imposed by the divorce decree, although it, in effect, increases the time within which appellant may comply with the divorce decree. Under the Wagner holding, to be final "a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." (295 S.W.2d at 892).

Since, as the majority opinion points out, appellant is placed under no restraint whatever by the order in question, and since such order is not appealable under rules applicable to judgments generally, I think it is unappropriate to add another opinion to those supporting the questionable rule that a person who has been punished for contempt of court cannot seek direct appellate review of the punitive order but must assume the heavier burden which is imposed on those who attack a judgment collaterally.[1]

---

1. The original common law notion was that each court was the sole judge of whether or not specific conduct constituted a contempt of that court and that, therefore, contempt convictions were not subject to review by any other court. Crosby's Case, 95 Eng.Rep. 1005 (1771). Today, in practically all jurisdictions, a judgment of contempt may be collaterally attacked by habeas corpus proceedings, and in some jurisdictions such a judgment may be attacked directly by appeal or writ of error. Note, 33 Tex.L.Rev. 143 (1954).

In 1851 the Supreme Court of Texas held that a person held in contempt in a criminal case has no right of appeal. However, this holding was based on a specific statutory provision excepting contempt cases from the appellate jurisdiction of the Supreme Court which, at that time, had appellate jurisdiction in criminal cases. Floyd v. State, 7 Tex. 215. Despite a holding four years later that a contempt conviction in a criminal case could not be collaterally attacked by resort to habeas corpus, Jordan v. State, 14 Tex. 436 (1855), in 1870 it was held that a judgment of contempt is subject to review by habeas corpus. Holman v. Mayor of Austin, 34 Tex. 668 (1870). Since Holman, a person punished for contempt may resort to habeas corpus, but, as shown by the authorities cited in the majority opinion, the rule of non-appealability has persisted.

The rule to the effect that contempt proceedings are reviewable solely by resort to habeas corpus places an unjustifiably heavy burden on a person who has been deprived of his liberty. A collateral attack on a judgment of contempt "can be sustained only after it is shown that the order is void; and the innocence vel non of relator is immaterial in the determination of its validity." Ex parte Sentell, 153 Tex. 252, 266 S.W.2d 365, 366 (1954). Whether the relator committed the act charged is conclusively determined by the judgment of the court holding him in contempt. Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000, 1003.

In Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284 (1942) it was squarely held that a contempt of court case growing out of a civil proceeding is a civil case. In view of this holding, it is difficult to understand the mental processes which lead to the conclusion that a final adjudication of contempt growing out of a civil case is not included within the provisions of the statutes defining the appellate jurisdiction of Courts of Civil Appeals. Significantly, the decisions denying appellate review of contempt convictions make no mention of these statutes. See the discussion of Articles 1819, 2249, 2265 and 2270, Tex.Rev.Civ.Stat. Ann., in Harbison v. McMurray, 158 S.W. 2d at 286–287.