## McLaughlin *v.* The State.

CRIMINAL LAW.—*Liquor Law.—Appeal to Supreme Court, When to be Taken.*—An appeal by the defendant, to the Supreme Court, from the judgment rendered in a prosecution for a violation of the liquor law, must be taken within a year from the rendition of judgment.

SAME.—*How Appeal is Taken.—Notice.—Record.*—Such appeal can not be authorized by the court in term time, but must be taken by service of the proper notice upon the clerk of the circuit court and the prosecuting attorney, and the transcript must be filed in the office of the clerk of the Supreme Court within thirty days after service of such notice.

From the Henry Circuit Court.

*C. G. Offutt* and *W. H. Martin,* for appellant.

*T. W. Woollen,* Attorney General, and *J. M. Brown,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against Raleigh McLaughlin, the appellant, for retailing intoxicating liquor without a license, and was commenced before a justice of the peace.

The appellant was convicted before the justice, and, upon an appeal to the circuit court, he was again tried and convicted, the judgment having been rendered against him in this latter court on the 2d day of May, 1878.

During the term at which such judgment was rendered, the appellant prayed an appeal to this court, and executed an appeal bond to the approval of the court.

The transcript of the proceedings below was not, however, filed in this court, until the 7th day of July, 1879, more than fourteen months after the time of the rendition of the judgment, and then without proof of notice of an appeal, either to the clerk of the court below or to the prosecuting attorney.

A motion has been entered on behalf of the State, to dismiss the appeal for want of a compliance with the statute authorizing appeals in criminal cases.

That statute provides, that " The appeal must be taken within one year after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken." An appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney." 2 R. S. 1876, p. 411, secs. 151, 152.

There being no proof of notice to the clerk and the prosecuting attorney, as above required, we have nothing before us to show that an appeal has been taken in the cause.

It is the notice which constitutes the appeal. *Winsett* v. *The State*, 54 Ind. 437 ; Buskirk Practice, 417.

An appeal in a criminal cause, during term time, by order of the court trying the cause, is not authorized by the statute and does not dispense with the notice provided for in section 152, *supra.*

If we had proof that proper notice of an appeal had been given within the year during which an appeal was allowed, still this appeal could not be sustained because the transcript was not filed in time. Not having been filed for more than thirty days after the last day on which such a notice could have been lawfully given, the motion to dismiss the appeal will have to be sustained.

The appeal is dismissed, at the costs of the appellant.