## BUELL *v.* THE STATE.

CRIMINAL LAW.—*Appeal to Supreme Court, How Taken.—Notice.*—An appeal in a criminal cause, during term time, is not authorized by statute, and, though prayed for and granted in open court, such appeal will not dispense with the notices required by section 152 of the criminal code, which notices constitute the appeal.

SAME.— *When Transcript must be Filed.*—Under section 151 of the criminal code, upon appeal to the Supreme Court, the transcript must be filed therein within thirty days after such appeal is taken.

From the Porter Circuit Court.

*T. J. Merrifield* and *E. D. Crumpacker*, for appellant.

*T. W. Woollen*, Attorney General, and *A. F. Ayres*, for the State

HOWK, C. J.—This was a prosecution, upon affidavit and information, against the appellant, for the alleged unlawful sale of, to wit, one gill of intoxicating liquor for the price of ten cents, to a certain named person who was then and there in a state of intoxication. The appellant's motion to quash the information against him was overruled by the court, and to this ruling he excepted, and having been arraigned on said information, for plea thereto, he said that he was not guilty. The cause was tried by a jury, and a verdict was returned finding the appellant guilty as charged, and assessing his fine in the sum of ten dollars. The appellant's motion for a new trial, and his motion in arrest of judgment, were each overruled by the court, and to each of these rulings he excepted, and thereupon the court rendered judgment against the appellant upon the verdict of the jury, and from this judgment this appeal is now here prosecuted.

Errors have been assigned by the appellant in this court which call in question the several decisions of the circuit court adverse to him.

On behalf of the State, a motion has been interposed to dismiss this case upon the following grounds:

1. Because the appeal was not taken in the mode prescribed by the statute; and,

2. Because the transcript of the cause was not filed in this court within the time limited by the statute.

In section 152 of the criminal code of this State, it is provided that "An appeal is taken by the service of a notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney." 2 R. S. 1876, p. 411. In the case at bar, it does not appear that the appellant has served any notice of his intended and attempted appeal upon either "the clerk of the court where the judgment was rendered," or "upon the prosecuting attor-

ney." It does appear, however, from the record of the cause, that, upon the rendition of the judgment below, the appellant prayed an appeal to this court, and tendered his appeal bond with certain named sureties, which bond was approved. Such mode of appeal to this court, in a criminal cause, is not authorized by any provision of the criminal code of this State. In the recent case of *McLaughlin v. The State*, 66 Ind. 193, it was held by this court that an appeal in a criminal cause, during term time, was not authorized by the statute, and though prayed for and granted in open court, such an appeal would not dispense with the notices required in and by said section 152 of the criminal code. In other words, it is the statutory notices which constitute the appeal. Buskirk Prac. 417.

It is provided in section 151 of the criminal code, that "The appeal must be taken within one year after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken." 2 R. S. 1876, p. 411. The intended and attempted appeal of this cause, as shown by the record, was prayed for by the appellant on the 27th day of December, 1879, but the transcript of the cause was not filed in this court until the 11th day of February, 1880, or forty-six days after the appeal was so prayed for in the circuit court. So that, if it were conceded that the appellant, by praying an appeal and filing his appeal bond on the 27th day of December, 1879, had then and thereby taken an appeal in this case to this court, yet, as the transcript of the cause was not filed within thirty days thereafter, the appeal would not have been perfected in accordance with the requirements of the statute. *Winsett v. The State*, 54 Ind. 437.

We are clearly of the opinion, therefore, that the motion of the State, by its attorneys, is well taken in this case and must be sustained.

The appeal is dismissed, at the appellant's costs.