The State v. Quick.

---

9190.

THE STATE v. QUICK.

CRIMINAL LAW.—*Appeal by State.*—*Notice.*—Under section 152, 2 R. S. 1876, p. 411, notice of an appeal by the State in a criminal proceeding, served on the defendant in a county other than that wherein the trial occurred, is insufficient.

From the Elkhart Circuit court.

*D. P. Baldwin*, Attorney General, *J. S. Drake, J. H. Baker, J. A. S. Mitchell* and *W. W. Thornton*, for the State.

*J. S. Frazer, W. D. Frazer, W. S. Marshall, L. H. Haymond* and *L. M. Royse*, for appellee.

ELLIOTT, J.—The appellee was prosecuted and acquitted upon an indictment charging him with a felony. The trial was had in the county of Elkhart. The State appeals, and the appellee has filed a motion to dismiss the appeal.

The appellee insists that the appeal should be dismissed because the notice provided for by statute was not given. Notice was served upon the clerk, and also upon the appellee, in Kosciusko county, by the sheriff of that county. The point made by the appellee is, that the notice served upon a defendant in a criminal prosecution, in any other county than that in which the case was tried, is insufficient, and that the proper method, where the defendant can not be found in such county, is to post up a notice for three weeks in the clerk's office. The statute provides that appeals may be taken by the State, and requires that notice shall be served upon the clerk, and, also, "upon the defendant, if he can be found in the county; if not, then by posting up a notice three weeks in the clerk's office." 2 R. S. 1876, p. 411, sec. 152. It is settled that the appeal must be taken in the manner prescribed by statute, and that the notice constitutes the appeal. *McLaughlin* v. *The State*, 66 Ind. 193 ; *Buell* v. *The State*, 69 Ind. 125 ; *Winsett* v. *The State*, 54 Ind. 437. The statute does not make provision for serving notice upon the defendant outside of the county in which the case was tried, but, upon the contrary, makes an express provision for such a case, by requiring that three weeks' notice shall be posted up in the office of the clerk. The law is plain, and the notice served upon the appellee in Kosciusko county was wholly unauthorized. The State had no right to disregard the provision of the statute and substitute a different method of giving notice for that expressly prescribed.

We can not assent to the doctrine asserted by the appellant that it is sufficient to show that the appellant had direct notice of the appeal served upon him, although served in a different county from that in which the case was tried. In such a case as the present, there can be but one sufficient

method of giving notice of an appeal by the State, and that is the one expressly prescribed by statute.

Appeal dismissed.

Woods, J., was absent.