### THE STATE OF INDIANA v. THOMAS J. QUICK.

*Appeals by the State.—Notice.*—The statute allowing appeals by the State in criminal cases must be strictly construed. And so a notice served on the defendant, in another county than that where the trial occured, on an appeal by the State is insufficient. It avails nothing to say that he had direct notice of the appeal.

Filed May 14, 1881.

Appeal from Elkhart Circuit Court.

James S. Drake, Baker & Mitchell, S. P. Baldwin (Attorney General), W. W. Thornton (State's Attorney), for appellant, cited *McLaughlin* v. *State*, 45 Ind. 338; *Landringham* v. *State*, 49 Ind. 186, as to requisites of charge in an indictment; *Todd* v. *State*, 31 Ind. 518, as to crime of false pretenses; 2 Wheeler's Crim. Law, 614, as to what must be alleged in such indictment; *People* v. *Clark*, 10 Mich. 310; *Johnson* v. *People*, 22 Ill. 314; *State* v. *Crowley*, 41 Wis. 270; 28 N. Y. 177; 37 N. J. 184, as to agreement to commit the crime of obtaining money, etc., by false pretenses; *Queen* v. *Hapinwall*, 19 English Reports (Moak's Notes), 198, as to the requisites of indictment for conspiracy; *Hazen* v. *Commonwealth*, 23 Pa. St. 355, to the effect that where the end to be accomplished is the violation of a criminal statute, it is not necessary to set out the means to be employed; *Dawson* v. *State*, 65 Ind. 442; *Queen* v. *Aspenall* (?) *supra*, to the effect that even where it is necessary to state the means, a defective statement will not justify an arrest of judgment after verdict; *Landringham* v. *State*, 49 Ind. 186 explained as to definiteness of charge in an indictment.

Frazer & Frazer, W. S. Marshall and Haymond & Ryan, for appellee, on motion to dismiss appeal, cited *McLaughlin* v. *State*, 66 Ind. 193 ; 54 Ind. 437 ; *Buell* v. *State*, 69 Ind. 125 ; Buskirk's Prac. 417, as to requisites of notice of appeal.

The Attorney General and W. W. Thornton, State's Attorney, on motion to dismiss appeal, cited *Allen* v. *State* (unreported), as to laches in regard to such motion.

Opinion of the court by Mr Justice Elliott.

The appellee was prosecuted and acquitted upon an indictment charging him with a felony. The trial was had in the county of Elkhart. The State appeals, and the appellee has filed a motion to dismiss the appeal. The appellee insists that the appeal should be dismissed because the notice provided for by statute was not given. Notice was served upon the clerk, and also upon the appellee in Kosciusko county, by the sheriff of that county. The point made by appellee, is that the notice served upon a defendant in a criminal prosecution in any other county than that in which the case was tried, is insufficient, and that the proper method, where the defendant cannot be found in such county, is to post up a notice for three weeks in the clerk's office. The statute provides that appeals may be taken by the State, and requires that notice shall be served upon the clerk, and also "upon the defendant, if he can be found in the county, if not, then by posting up a notice three weeks in the clerk's office." 2 R. S. 410 §152. It is settled that the appeal must be taken in the manner prescribed by statute, and that the notice constitutes the appeal. *McLaughlin* v. *State*, 66 Ind. 193 ; *Buell* v. *State*, 69 Ind. 125 ; *Winsett* v. *State*, 54 Ind. 437. The statute does not make provision for serving notice upon the defendant outside of the county in which the case was tried, but, upon the contrary, makes an express provision for such a case by requiring that three weeks' notice shall be posted up in the office of the clerk. The law is plain, and the notice served upon the appellee in Kosciusko county, was wholly unauthorized. The State had no right to disregard the provision of the statute, and substitute a different method of giving notice for that expressly prescribed.

We cannot assent to the doctrine asserted by the appellant that it is sufficient to show that the appellee had direct notice of the appeal served upon him, although served in a different county from

that in which the case was tried. In such a case as the present there can be but one sufficient method of giving notice of an appeal by the State, and that is the one expressly prescribed by statute.

Appeal dismissed.

Woods, J., was absent.