No. 11,436.

## THE STATE v. LAY.

CRIMINAL LAW.— *Manslaughter.*— *Indictment.*— *Statute Construed.*—An indictment for manslaughter, which, in charging the offence, only avers that the defendant on, etc., at, etc., " did unlawfully kill E. F.," is bad on motion to quash. Section 1746, R. S. 1881, was not intended to authorize such uncertainty in criminal pleading.

From the LaPorte Circuit Court.

*F. T. Hord,* Attorney General, and *G. Ford,* Prosecuting Attorney, for the State.

*J. Bradley* and *J. H. Bradley,* for appellee.

HAMMOND, J.—The grand jury, in the court below, returned an indictment against the appellee, reading as follows, omitting the title:

" The grand jurors for the county of LaPorte, in the State of Indiana, good and lawful men, duly and legally empanelled, sworn and charged in the LaPorte Circuit Court of said State, at the November term, for the year 1883, to inquire into felonies and certain misdemeanors, in and for the body of said county of LaPorte, in the name and by the authority of the State of Indiana, on their oath do present that one George F. Lay, late of the said county, on the 25th day of September,

A. D. 1883, at said county and State aforesaid, did then and there unlawfully kill one Erasmus R. Fetzer, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The appellee moved to quash the indictment. The motion was sustained, and the State appeals to this court.

As defining and fixing the penalty for the crime of manslaughter, and prescribing certain rules relating to the sufficiency of an indictment or information for this crime, we set out and bring together, for convenience, the following sections of the Revised Statutes of 1881:

1908. " Whoever unlawfully kills any human being without malice, express or implied, either voluntarily, upon a sudden heat, or involuntarily, but in the commission of some unlawful act, is guilty of manslaughter, and, upon conviction thereof, shall be imprisoned in the State prison not more than twenty-one years nor less than two years."

1746. " In an indictment or information for murder in the second degree or for manslaughter, it shall not be necessary to set forth the manner in which or the means by which the death was caused; but it shall be sufficient in an indictment or information for murder in the second degree, to charge that the defendant did purposely and maliciously, but without premeditation; and in an indictment or information for manslaughter, that the defendant did unlawfully kill the deceased."

1755. " The indictment or information is sufficient, if it can be understood therefrom—

"*First.* That the indictment was found by the grand jury of the county or the information presented by the prosecuting attorney of the circuit in which the court was held.

"*Second.* That the defendant is named or described in an indictment as a person whose name is unknown to the grand jurors, or in an information to the prosecuting attorney.

"*Third.* That an offence was committed within the jurisdiction of the court, or is triable therein.

"*Fourth.* That the offence charged is clearly set forth in plain and concise language, without unnecessary repetition.

"*Fifth.* That the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the rights of the case."

1759. " The defendant may move to quash the indictment or information when it appears upon the face thereof, either—

"*First.* That the grand jury which found the indictment had no legal authority to inquire into the offence charged.

"*Second.* That the facts stated in the indictment or information do not constitute a public offence.

"*Third.* That the indictment or information contains any matter which, if true, would constitute a legal justification of the offence charged or other legal bar to the prosecution.

"*Fourth.* That the indictment or information does not state the offence with sufficient certainty."

Section 1908, *supra,* defines two offences, namely, voluntary manslaughter and involuntary manslaughter. In the former the killing is done intentionally, but without malice, express or implied, and upon a sudden heat. In involuntary manslaughter the killing, done in the commission of some unlawful act, is unintentional. An indictment for voluntary manslaughter will not support a conviction for involuntary manslaughter, and *vice versa. Bruner* v. *State,* 58 Ind. 159 ; *Adams* v. *State,* 65 Ind. 565. Though the penalty is the same in both, the crimes of voluntary and involuntary manslaughter are as separate and distinct as those of grand larceny and robbery.

In determining the sufficiency of an indictment or infor-mation for manslaughter, all the sections of the statute above set out must be construed together. Taking section 1746 by itself, the indictment would not have to show that it was found by the grand jury of the county, nor the information that it was presented by the prosecuting attorney of the circuit in which the court was held. Nor would the indictment

The State *v.* Lay.

or information, under that section, have to show that the offence was committed within the jurisdiction of the court, or is triable therein, yet all these things must be shown by proper averments to meet the requirements of section 1755. The fourth clause of section 1755 makes it necessary that a specific offence be charged in plain and concise language; but under section 1746 the distinction between voluntary and involuntary manslaughter is not recognized. What then was the purpose of section 1746? Manifestly, nothing more than, in an indictment or information for murder in the second degree or manslaughter, to dispense with averments of "the manner in which or the means by which the death was caused." No change in the law as it exists in other respects, relating to the sufficiency of indictments and informations, is made. In manslaughter the indictment or information must now, as heretofore, be sufficient to charge one or the other offence of voluntary or involuntary manslaughter. The indictment in the case before us is not sufficient to charge either offence, and under the fourth clause of section 1759 is bad for uncertainty. The motion to quash was properly sustained.

We do not deem it necessary to discuss the question as to how far the Legislature may dispense with allegations in an indictment or information, which constitute an essential element of the crime attempted to be charged, without infringing upon section 13 of the bill of rights in the Constitution, which provides that " In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation against him, and to have a copy thereof." See, upon this point, *McLaughlin* v. *State,* 45 Ind. 338; 1 Bishop Crim. Proc., sections 86–88, 95–116, 588–606.

Judgment affirmed.

Filed Jan. 29, 1884.