### NICHOLS *v.* THE STATE.

[No. 3,732.    Filed October 22, 1901.]

CRIMINAL LAW.—*Misdemeanors.—Appeal.— Statute.— Repeal.*— Section 1954 Burns 1901, in so far as it gave a right of appeal to a defendant convicted of a misdemeanor, is repealed by §§7 and 8 of the act of 1901 (Acts 1901, p. 566), which prescribe that no appeals in prosecutions for misdemeanors shall thereafter be taken, except when the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute or rights guaranteed by the State or federal Constitution are involved. *pp. 446, 447.*

Nichols *v.* State.

CRIMINAL LAW.—*Appeal, When Taken.*—Under §1960 Burns 1901, an appeal by defendant in a criminal case is "taken" when the defendant serves a written notice upon the prosecuting attorney.  *p. 447.*

SAME.—*Misdemeanor.—Appeal Taken Before the Act of 1901.*—Section 7 of the act of 1901 (Acts 1901, p. 566), providing that "no appeal shall hereafter be taken  *  *  *  in any criminal case of misdemeanor," etc., does not apply to an appeal that had been taken, though not perfected, under a preëxisting law.  *pp. 445-450.*

From Marion Criminal Court; *Fremont Alford,* Judge.

From a conviction for acting as agent of a lottery, the defendant, Will Nichols, appeals.  *Motion to dismiss appeal denied.*

*E. Marshall, H. Seyfried, J. J. Rochford* and *J. M. Wall,* for appellant.

*W. L. Taylor,* Attorney-General, and *J. C. Ruckleshaus,* for State.

WILEY, P. J.—The Attorney-General has filed a motion to dismiss the appeal in this case "for the reason that the same is taken in a criminal case of misdemeanor and does not duly present the question as to the validity of any franchise or of any ordinance of a municipal corporation, or of the constitutionality of any statute, State or federal, or the proper construction of any statute or rights guaranteed by the State or federal Constitution."

Appellant was charged by affidavit and information of acting as the agent of a certain lottery scheme, in violation of §2171 Burns 1901, §2077 Horner 1897.  Trial by the court, resulting in a finding of guilty, and the penalty assessed was a fine of $200.  The offense with which appellant was charged is made a misdemeanor by statute.

The trial was had and judgment rendered December 28, 1900.  January 3, 1901, during the same term of court, appellant moved for a new trial, and said motion was thereupon overruled.  He was given sixty days in which to file a bill of exceptions, and at the same time, in open court, prayed an appeal to this court, which was granted, and the

appeal bond fixed at $400. January 5, 1901, appellant served written notice upon the prosecuting attorney of his appeal. February 20th, he filed his appeal bond, which was duly approved, and on March 19, 1901, lodged the transcript of the record in this court, with his assignment of errors. The record thus made, and as it comes to the court, entitled appellant to prosecute his appeal under the general statute providing for appeals, unless his right thereto is taken away by the act of 1901.

By §7 of that act, §1337g Burns 1901, it is provided that "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court, etc., * * * except as provided in section eight of this act." Section 8 of the act, §1337h Burns 1901, is as follows: "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, State or federal, or the proper construction of a statute, or rights guaranteed by the State or federal Constitution, and which case would be otherwise unappealable by virtue of section six or section seven, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only." It may be proper to remark in this connection that §6, referred to in the section last quoted, refers to appeals in civil cases, and takes away the right to appeal in such cases, which are within the jurisdiction of a justice of the peace, except as provided in §8. §1337f Burns 1901, Acts 1901, p. 565.

A correct ruling on the motion to dismiss, now before the court, involves the construction of the statute cited, as applied to the facts disclosed by the record, in connection with the general statutes regulating appeals in criminal cases, and particularly §§1954, 1958, 1960 Burns 1901.

By §1954, *supra,* it is provided that "An appeal to the Supreme Court may be taken by the defendant as a matter of right, from any judgment in a criminal action against him," etc.

Section 1958, *supra,* provides that "All appeals must be taken within one year after the judgment is rendered, and the transcript must be filed within ninety days after the appeal is taken."

The language of §1960, *supra,* is significant, and is as follows: "An appeal by the State is taken by the service of a written notice upon the clerk * * *, stating that the appellant appeals to the Supreme Court from the judgment; and a similar notice must be served upon the defendant or his attorney; * * *. If the appeal is taken by the defendant, a similar notice must be served upon the prosecuting attorney. The parties may waive such written notice, or enter, in writing, their appearance to such appeal."

It is clear that §1954, *supra,* was repealed by the act of 1901, in so far as it gives the right of appeal to a defendant in a criminal case where he has been convicted of a misdemeanor, except as provided by §8 of the act, for the act of 1901 is the last legislative expression upon the subject-matter there involved, and is in direct conflict with the general statute granting to a defendant an appeal "as a matter of right, from any judgment in a criminal action against him."

Where a new statute covers the whole subject-matter of an old one, adds new provisions, and makes changes, and where such new law, whether it be in the form of an amendment or otherwise, is evidently intended to be a revision, and to take the place of the old, it repeals the old law by implication. *Thomas* v. *Town of Butler,* 139 Ind. 245; *Warford* v. *Sullivan,* 147 Ind. 14, and authorities there cited. But in addition to this, by §21 of the act of 1901, Acts 1901, p. 571, all laws and parts of laws, inconsistent with it, are expressly repealed. The act of 1901, was approved March 12th, and became effective immediately, by virtue of an emergency clause.

As it appears that the transcript was not lodged in this court until seven days after the act of 1901 went into effect, it is apparent that the appeal will not lie, under that act,

if it can be applied to appeals pending at the time the act became operative. It is important, therefore, to determine, under §§1958, 1960, *supra,* when an appeal is taken in a criminal case.

By §1958, an appeal in a criminal case must be taken within one year after judgment is rendered, and the transcript *"must be filed within ninety days after the appeal is taken."* Omitting that part of §1960, *supra,* which refers to an appeal by the State, and transposing it, it would read thus: An appeal by the defendant is taken by the service of a written notice upon the prosecuting attorney, stating that the appellant appeals to the Supreme or Appellate Court. The language of these two sections of the statute is significant, and they should be construed together.

In the plain language of §1960, the appeal is taken when the defendant (appellant) serves a written notice upon the prosecuting attorney stating that he appeals. It would seem, therefore, that while the appeal is not perfected, it is taken when the notice is given.

Again, by §1958, the transcript must be filed within ninety days after the appeal is taken. If it is held that the appeal is not taken until the transcript is filed, with the assignment of errors, then the sections of the statute we have under consideration are meaningless. On the contrary, if it can be held that an appeal in a criminal case is taken when notice thereof is served upon the prosecuting attorney, and that the appeal is not perfected until the transcript is filed in the Appellate Court, such construction of the statute would be in perfect harmony with the plain language with which the legislature has expressed its intention. Generally in the construction of statutes words are to be given their plain, ordinary, and usual sense. *Jordan* v. *State,* 142 Ind. 422.

Taking the language of §§1958, 1960, *supra,* and construing the meaning of the words there used, in their usual and ordinary sense, it seems that the two sections are so

plain, and so explicitly express the intention of the legislature, that there is no room for construction. When the legislature says that an appeal is taken, by service of notice on the prosecuting attorney, and that the transcript must be filed within ninety days after the appeal is taken, it would seem that judicial construction would have to be greatly strained before it could be held that the appeal is not taken until the transcript of the record, with an assignment of errors, is filed in the court of appeals.

But the statutes under consideration have been construed by the Supreme Court, and the question raised by the motion to dismiss put at rest. In the case of *Price* v. *State,* 74 Ind. 553, appellant was tried and convicted, in February, 1880. December 29th, following, he served notice of an appeal on the clerk below, and on the following day he served a like notice on the prosecuting attorney. February 5, 1881, a transcript of the record was filed in the clerk's office of the Supreme Court. The State moved to dismiss, because the transcript was not filed within thirty days after the appeal was taken. The statute then in force was identical to the existing statute, except that it required the transcript to be filed "within thirty days after the appeal is taken." 2 R. S. 1876, §151, p. 411. In passing upon the motion, the court said: "An appeal in a criminal cause is considered as taken on the day on which notice of it is fully served on the proper officers or party. * * * The transcript must be filed in this court within thirty days after the appeal is taken. 2 R. S. 1876, p. 411, §151. It is the service of notice upon the proper officers or party, which constitutes the appeal in a criminal cause. 2 R. S. 1876, p. 411, §152. The appeal in this case must, therefore, be regarded as having been taken on the 30th day of December, 1880, the day on which the last named notice of appeal was served." The appeal was dismissed because the transcript was not filed within thirty days from the time it was taken.

In *State* v. *Quick,* 73 Ind. 147, it was said: "It is set-

tled that the appeal must be taken in the manner prescribed by statute, and that the notice constitutes the appeal." Citing *McLaughlin* v. *State,* 66 Ind. 193; *Buell* v. *State,* 69 Ind. 125, and *Winsett* v. *State,* 54 Ind. 437. In the case last cited it was held that an appeal by the defendant in a criminal prosecution is considered as taken on the day on which notice of such appeal is served on the proper officers. In that case the State moved to dismiss the appeal, because the transcript was not filed within the time fixed by statute, and the court, after showing that such notice was given, and stating when the transcript was filed, said: "In this case, the transcript was not filed  *   *   *  within thirty days after the appeal was taken, and the motion will have to be sustained." By these authorities it is very clear that the Supreme Court has construed the language of the statute to mean just what it says, for the uniform holding is that the appeal is taken when the proper notice is served.

In the case before us the appellant was convicted of a misdemeanor under an existing statute. At the time of such conviction he had a clear right to appeal to this court, for the statute expressly gave him such right, and the right of appeal is clearly a statutory one. Before the legislature denied the right of appeal from a judgment against a defendant in a criminal prosecution, for a misdemeanor, appellant had done all that the statute required him to do, and had, under the provisions of the statute, and the cases cited, appealed from such judgment to this court, by serving notice on the prosecuting attorney. See, also, the following additional cases: *Farrell* v. *State,* 85 Ind. 221; *Darr* v. *State,* 82 Ind. 11; *Lichtenfels* v. *State,* 53 Ind. 161.

We must, therefore, hold that §7 of the act of 1901, which provides that "No appeal shall hereafter be taken * * * in any criminal case of misdemeanor", etc., does not apply to an appeal that had been taken, under a preëxisting law, and thus take away a right which such law confers, and of which a party had already taken advantage.

The motion to dismiss is overruled.