## HIZER v. THE STATE OF INDIANA.

[No. 21,389. Filed November 23, 1909.]

APPEAL.— *Notice of.— Prosecuting Attorneys.— Criminal Law.—* An appeal taken by the defendant in a criminal case, by merely notifying the "deputy prosecuting attorney," will be dismissed, the statute (§2217 Burns 1908, Acts 1905, p. 584, §330) requiring that notice be given to the prosecuting attorney, or his waiver thereof secured, or that he enter his appearance to such appeal.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Prosecution by The State of Indiana against Alfred Hizer. From a judgment of conviction, he appeals. *Appeal dismissed.*

*J. H. Bibler* and *Holman, Stephenson & Bryant,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONKS, J.—The Attorney-General insists that this court has "no jurisdiction of this appeal," which is from a final judgment in a criminal case, "because written notice of appeal was not served upon the prosecuting attorney of the

court below, as required by §2217 Burns 1908, Acts 1905, p. 584, §330, nor did said prosecuting attorney waive such written notice or enter his appearance to such appeal, as provided in said section.''

Section 2217, *supra,* expressly requires that written notice of appeal in a criminal case be served upon the prosecuting attorney, but that ''the parties may waive such written notice, or enter in writing their appearance to such appeal.'' The record shows that the only notice of appeal was addressed to, and the service thereof acknowledged by, a person designated as ''deputy prosecuting attorney.''

It was said in the case of *State* v. *Quick* (1880), 73 Ind. 147: ''It is settled that the appeal must be taken in the manner prescribed by statute, and that the notice constitutes the appeal. *McLaughlin* v. *State* [1879], 66 Ind. 193; *Buell* v. *State* [1879], 69 Ind. 125; *Winsett* v. *State* [1876], 54 Ind. 437.''

In the case of *McLaughlin* v. *State, supra,* the court said at page 194: ''There being no proof of notice to the clerk and the prosecuting attorney, as required, we have nothing before us to show that an appeal has been taken in the cause. * * * An appeal in a criminal cause, during term time, by order of the court trying the case, is not authorized by the statute and does not dispense with the notice provided for in section 152 [2 R. S. 1876, p. 411], *supra.*''

In the case of *State* v. *Quick, supra,* the statute required that notice of appeal by the State in a criminal case be served upon the clerk and also ''upon the defendant, if he can be found in the county; if not, then by posting up a notice three weeks in the clerk's office.'' 2 R. S. 1876, p. 411, §152. Trial was had in Elkhart county, notice of the appeal was served upon the clerk and also the defendant, Quick, in Kosciusko county, by the sheriff of that county. This court said at page 148: ''The statute does not make provision for serving notice upon the defendant outside of

the county in which the case was tried, but, on the contrary, makes an express provision for such a case, by requiring that three weeks' notice shall be posted up in the office of the clerk. The law is plain, and the notice served upon the appellee in Kosciusko county was wholly unauthorized. The State had no right to disregard the provision of the statute and substitute a different method of giving notice for that expressly prescribed. We cannot assent to the doctrine asserted by the appellant that it is sufficient to show that the appellee had direct notice of the appeal served upon him, although served in a different county from that in which the case was tried. In such a case as the present, there can be but one sufficient method of giving notice of an appeal by the State, and that is the one expressly prescribed by statute.''

So in this case the statute expressly requires that the notice of appeal be served upon the prosecuting attorney. The law is plain, and the notice to the deputy prosecuting attorney, and the acknowledgment of service by him as such deputy prosecuting attorney, were wholly unauthorized. Appellant had no right to disregard the provision of the statute, and give the notice to a person or officer different from the one named in the statute.

Appeal dismissed.