# Hill *v.* State of Indiana.

[No. 26,885.  Filed November 23, 1937.]

*Olin R. Holt,* and *Don P. Strode,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged by affidavit with voluntary manslaughter. She entered a plea of not guilty; was tried by a jury and found guilty of involuntary manslaughter and was committed to the Indiana Women's Prison for a period of not less than one nor more than ten years.

The errors relied upon for reversal are:

(1) The court erred in overruling appellant's motion for a new trial; and
(2) Error in the giving and refusing to give certain instructions.

The prosecution is based upon an affidavit charging that the appellant unlawfully, feloniously, purposely, and voluntarily, upon a sudden heat, but without malice, shot one Charles Hill with an automatic pistol inflicting

a mortal wound from which he died. The said Charles Hill was the husband of appellant.

The State contends that the appeal should be dismissed for the reason that the appeal was not perfected in time. The judgment was rendered, and a motion for a new trial was overruled on January 18, 1937. At that time the statute, §9-2308 Burns 1933, §2372 Baldwin's 1934, provided as follows:

> "All appeals must be taken within one hundred and eighty (180) days after the judgment is rendered, or in case a motion for a new trial is filed, within one hundred and eighty (180) days after the ruling of such motion. The transcript must be filed within sixty (60) days after the appeal is taken."

Section 9-2310 Burns 1933, §2374 Baldwin's 1934, was in effect and is as follows:

> "An appeal by the state may be taken by the service of a written notice upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment; and a similar notice must be served upon the defendant or his attorney. If neither the defendant nor his attorney can be found then the notice to them may be given by posting up such notice three (3) weeks in the clerk's office in a conspicuous place. If the appeal be taken by the defendant, a similar notice must be served upon the prosecuting attorney. The parties may waive such written notice, or enter in writing their appearance to such appeal. But any such appeal by either party shall not be deemed perfected until the filing of the record thereof in the office of the clerk of the court to which the appeal is taken."

The defendant (appellant) gave a first notice of her appeal to the prosecuting attorney of Howard County, Indiana, on January 18, 1937, but she did not perfect her appeal by filing the transcript and record within 60 days after giving the above notice. The appellant gave a second notice to the prosecuting attorney on June 11th, 1937. The second notice

was served upon Charles P. Baldwin, the duly appointed, qualified, and acting deputy prosecuting attorney of Howard County, due to the fact that the prosecuting attorney, Paul V. Ford, was out of the State at the time and confined in a hospital at Mansfield, Ohio.

It is the theory of the State that a notice of appeal served upon a deputy prosecuting attorney is not legal and cites cases to support its contention.

Section 1-201 (10th par.) Burns 1933, §5 Baldwin's 1934, provides:

> "When a statute requires an act to be done which by law, an agent or deputy as well may do as the principal, such requisition shall be satisfied by the performance of such act by an authorized agent or deputy."

Section 49-101 Burns 1933, §13054 Baldwin's 1934, provides:

> "Every officer or deputy, before entering on his official duties, shall take an oath to support the Constitution of the United States and of this state, and that he will faithfully discharge the duties of such office."

Section 49-501 Burns 1933, §13108 Baldwin's 1934, provides:

> "The . . . prosecuting attorney . . . may appoint deputy prosecuting attorneys. . . ."

Section 49-502 Burns 1933, §13109 Baldwin's 1934, provides:

> Such deputies shall take the oath required of their principals, and may perform all the official duties of such principals, being subject to the same regulations and penalties."

Section 49-503 Burns 1933, §13110 Baldwin's 1934, provides:

> "Such principal shall be responsible for all the official acts of their deputies."

It seems to us that the foregoing provisions of our statutes give full authority for one, under the appeal statute, to serve notice of an appeal on the regular appointed and qualified deputy prosecuting attorney. To hold that such service is not good is such a technical construction of the statute that it can not reasonably be upheld.

Section 1-201 Burns 1933 (§5 Baldwin's 1934), *supra*, says:

> "When a statute requires an act to be done which, by law, an agent or deputy as well may do as the principal, such requisition shall be satisfied by the performance of such act by an authorized agent or deputy."

It seems to us that this section, standing alone, answers in the affirmative the question as to whether notice of appeal may be served on a deputy prosecuting attorney.

The State relies largely upon the case of *Hizer* v. *State* (1909), 173 Ind. 192, 89 N. E. 844, to sustain its contention. In this case, as in the case at bar, notice of appeal was addressed to, and the service thereof, acknowledged by, a deputy prosecuting attorney. It was held that the statute required that notice of appeal be served upon the prosecuting attorney and the appeal was dismissed. None of the foreging sections of the statutes were discussed and no reasons given other than the bald statement that the statute required notice to be served on the prosecuting attorney. The Hizer case, *supra*, cited the cases of *State* v. *Quick* (1880), 73 Ind. 147; *McLaughlin* v. *State* (1879), 66 Ind. 193; *Buell* v. *State* (1879), 69 Ind. 125, and *Winsett* v. *State* (1876), 54 Ind. 437. The Quick case is not in point for the reason that the question we are now considering was not at issue. The question there before the court was whether a notice of an appeal by the State served on the defend-

ant in a county other than that wherein the trial occured was sufficient. Neither is the McLaughlin case, *supra,* in point. In that case there was no notice at all served upon any one. It was said by the court (p. 194) :

> "There being no proof of notice to the clerk and the prosecuting attorney, as above required, we have nothing before use to show that an appeal has been taken in the cause."

Likewise, the Buell and Winsett cases, *supra,* are not in point for the reason that the question raised in the instant case was not considered in those cases.

It is true §9-2310 Burns 1933 (§2374 Baldwin's 1934) says:

> "If the appeal be taken by the defendant, a similar notice must be served upon the prosecuting attorney."

It does not say it may not be served on the deputy and there is no legal reason why it may not be so served. In the case of *Stout* v. *State* (1884), 93 Ind. 150, an indorsement "Henry C. Duncan, Prosecuting Attorney by Jos. E. Henley, deputy," was held sufficiently to comply with a statute providing "it must be signed by the prosecuting attorney." In the case of *State ex rel. Willis* v. *Ellis* (1915), 184 Ind. 307, 112 N. E. 98, in speaking of the prosecuting attorney it is said (p. 313) :

> "The statute authorizes him to appoint a deputy . . . and the latter can perform any duty pertaining to the office."

A deputy prosecuting attorney is vested with power by express statutory provisions to perform the duties of the prosecuting attorney. He is a public officer and appointed to discharge the duties of the particular office. His acts are the acts of his principal. *Wells* v. *State* (1911), 175 Ind. 380, 94 N. E. 321.

On this branch of the case we conclude that it was proper to serve notice of appeal upon Charles P. Bald-

win, deputy prosecuting attorney of Howard county, and that the appeal should not be dismissed. We further conclude that the case of *Hizer* v. *State* (1909), 173 Ind. 192, 89 N. E. 844, which holds that notice of an appeal upon a deputy prosecuting attorney is unauthorized and void should be overruled and the same is hereby expressly overruled.

As heretofore stated the affidavit upon which the appellant was prosecuted and convicted charged voluntary manslaughter. Complaint is made in the giving of instruction No. 2 by the court on its own motion. The first part of the instruction consists of the definition of manslaughter as contained in §10-3405 Burns 1933, §2408 Baldwin's 1934. There can be no objection to this. The last paragraph of the instruction stated:

> "The only difference between voluntary manslaughter and involuntary manslaughter is that in voluntary manslaughter the actor must intend to kill his victim and in involuntary manslaughter there need not be any intention to take life."

This is not a clear distinction between the two classes of manslaughter and should not have been given. Voluntary manslaughter is done by design or intention, but without malice, and involuntary manslaughter is the unlawful killing of a person without malice, express or implied, but in the commission of some unlawful act.

In instruction No. 9 given by the court of its own motion, the jury was instructed that they could return one of three verdicts, viz.: One of not guilty, or one of voluntary manslaughter, or one of involuntary manslaughter. This instruction is clearly erroneous. The appellant was charged in the affidavit with voluntary manslaughter and one so charged can not be found guilty of involuntary manslaughter. The two degrees of manslaughter are distinct and different crimes. *Bru-*

*ner* v. *State* (1877), 58 Ind. 159; *Adams* v. *State* (1879), 65 Ind. 565; *State* v. *Lay* (1884), 93 Ind. 341. In the latter case it is said (p. 343) :

"An indictment for voluntary manslaughter will not support a conviction for involuntary manslaughter and *vice versa*. . . . Though the penalty is the same in both, the crimes of voluntary and involuntary manslaughter are as separate and distinct as those of grand larceny and robbery."

It is to be noted that under the present statute, *supra,* the penalty is not the same.

"An indictment for voluntary manslaughter is not sustained by proof of an unintentional killing, and there can not be a conviction for involuntary manslaughter where voluntary manslaughter alone is charged." Ewbank's Ind. Crim. Law (2nd Ed) §§899, 900.

The third instruction given by the court, after stating that the defendant must be proven guilty beyond a reasonable doubt, says:

"But in this case beyond a reasonable doubt proof is not important for the reason that the defendant admits the killing."

This instruction is erroneous. In the same instruction the court stated that "the defendant admits that she shot her husband in the form and manner charged in the affidavit, but she says that she did it in defense of her person, or under what is known in our law as the law of self defense." One may admit the killing of a human being, but if it is done in self-defense and under such circumstances as he had the right to kill, then he is not guilty of any offense. In the instant case the appellant pleaded self-defense and although she admitted the killing, the burden was still upon the State to prove her guilty of the crime charged beyond a reasonable doubt. It is not necessary to cite authorities to sustain this proposition.

The last part of instruction No. 4 given by the court states:

"And in what instructions the court gives you hereafter are given with the understanding that the defendant does not have to go further in proving that said shooting was in self-defense than to show a reasonable doubt in your minds that said act was in self defense."

This is not a correct statement of the law. The burden is upon the State to prove the defendant guilty beyond a reasonable doubt. No part of this burden rests upon the defendant. As said in the case of *Dorak* v. *State* (1915), 183 Ind. 622, 625, 109 N. E. 771:

"If the burden is on the State to prove the defendant's guilt beyond a reasonable doubt, the defendant can not under any other rule be required to establish his innocence or a reasonable doubt as to his guilt. The burden is where it is cast by law, on the State, and no rule can shift such burden to the defendant."

Instruction No. 6 given by the court and complained of by the appellant, in effect informed the jury that if at the time the deceased husband of appellant was abusing her and threatening to do her injury had no knife or other dangerous weapon in his hand, then the appellant (defendant) had no right to shoot her husband. As said in the case of *Davis* v. *State* (1898), 152 Ind. 34, 38, 51 N. E. 928:

"If that is the law, then in every conceivable case of a violent attack upon one by another, no matter what the circumstances may be, no matter what the disparity between the ages and physical strength of the two may be, the assaulted party must stand and take his chances of being knocked down and stamped into a jelly, or of being choked to death before he can lawfully use a weapon in his defense. Though the appearance and circumstances of the assault were such as to induce the reasonable belief to be honestly entertained by the defendant that his life was in danger, or that he was in danger of

great bodily harm from the assault, he could not lawfully use a deadly weapon to repel such assault, unless the assailant had a weapon in his hands, or the appearance thereof, no matter how many he had about his person. This is not the law."

The law is, as stated in numerous decisions and text books, as follows:

"If the person assaulted, being himself without fault, reasonably apprehends death or great bodily harm to himself, unless he kills the assailant, the killing is justifiable." 1 Bishop Crim. Law 865. *Presser* v. *State* (1881), 77 Ind. 274; *Batten* v. *State* (1881), 80 Ind. 394;*McDermott* v. *State* (1883), 89 Ind. 187.

The appellant contends that the court erred in refusing to give appellant's tendered instructions, Nos. 4, 5, 6, 9, 12, 13, 14, 15, 16, 17, 19, 23, 25, and 26. It is to be noted that the evidence is not in the record and it is the settled law in this State that where, as in this case, the evidence is not in the record, it will be presumed that such instructions were properly refused for the reason that they were not applicable to the case made by the evidence. *Dean* v. *State* (1896), 147 Ind. 215, 46 N. E. 528.

The appellant finally contends that the verdict is not sustained by sufficient evidence and is contrary to law. The evidence as heretofore stated is not before us, but if it were the verdict could not stand for the reason that appellant is charged with voluntary manslaughter and the appellant, by the verdict of the jury, is found guilty of involuntary manslaughter. The verdict is contrary to law and the judgment is reversed with instructions to the lower court to sustain appellant's motion for a new trial.

Judgment reversed.