DUDLEY; CHENOWETH V. STATE OF INDIANA.

[No. 29,823. Filed March 22, 1960. Rehearing denied January 12, 1961.]

Thomas J. Gallagher, of Sullivan, and James F. Gallagher, of Clinton, for appellants.

Edwin K. Steers, Attorney General, Owen S. Boling, Richard M. Givan, Assistant Attorneys General, and Harriette Bailey Conn, Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a conviction on an affidavit charging the appellants with the crime of Petit Larceny, predicated upon an alleged theft of fifteen gallons of gasoline. Originally appellants were charged, by affidavit in three counts, with the crimes of Petit Larceny, Automobile Banditry and Second Degree Burglary. On motion of appellants, at the close of the state's evidence, the court directed the jury to find the appellants not guilty of the third count of the affidavit charging Second Degree Burglary. The jury, by its verdict, found the defendants not guilty of Automobile Banditry and guilty of Petit Larceny.

The pertinent part of the section of the statute on which the prosecution was based and conviction had, Acts 1929, ch. 156, §2, p. 487, §10-3002, Burns' 1956 Replacement, reads as follows:

> "Petit larceny.—Whoever unlawfully steals, takes and carries, leads or drives away the personal goods of another, of the value of any sum less than twenty-five dollars [$25.00] shall be deemed guilty of petit larceny . . . ."

Following the judgment and conviction, the appellants separately and severally filed their motion for a new trial, such motion containing nineteen grounds.

The assignment of errors contains three specifications, however, we need consider only number one, which is as follows:

"1. The trial court erred in overruling each of the appellants' motion for a new trial."

In view of the decision we must render in this cause we need consider only ground three and four of the motion for a new trial, which read as follows:

"3. The verdict of the jury is contrary to law.
"4. The verdict of the jury is not sustained by sufficient evidence."

A brief summary of the evidence most favorable to the appellee shows that on January 27, 1959, appellants in company with one James Stanley Pirtle were using a green Studebaker pick-up truck owned by one William Dudley, father of one of the appellants, for the purpose of going to a free moving picture show at Sullivan. There is evidence to show that all three boys were at the picture show. From that point the evidence is in conflict as to whether or not the boys went to Robinson, Illinois, and then returned and went to the property owned by Gilbert Stanley, or whether Pirtle took the pick-up truck from the public square in Sullivan, with the consent of the appellant Dudley, to take a girl home, later returning the truck to Sullivan and having the appellants return him to his home at Merom Station. Pirtle testifying for the state places himself and the appellants at the Stanley property in the proximity of the gasoline tank from which the gasoline was allegedly stolen. The witness testified that he heard

gasoline running into the tank of the truck, heard some object or objects loaded on the truck, but even though he was part way out of the truck he did not see any gasoline put in the truck nor did he see any object or objects placed in or on the pick-up truck. *There is no evidence in the record* as to the amount, if any, or value, if any, of any gasoline allegedly stolen.

Considering the evidence most favorable to the State we must and do find that there is a total failure to prove the essential elements of the crime charged, *i.e.,* that the defendants stole, took or carried away gasoline in any amount or of any value. The most that can be said of the proof adduced by the State is that by inference, the jury might have concluded that the appellants broke the latch on the gasoline tank and permitted a part of the gasoline in the storage tank to drain out upon the ground.

In order to sustain a conviction every material allegation contained in the affidavit must be established by the evidence beyond a reasonable doubt. *Rhoades* v. *State* (1946), 224 Ind. 569, 572, 70 N. E. 2d 27; *Abraham* v. *State* (1950), 228 Ind. 179, 184, 91 N. E. 2d 358; *Hill* v. *State* (1937), 212 Ind. 692, 699, 11 N. E. 2d 141; *Morgan* v. *The State* (1878), 61 Ind. 447, 448; *Thomas* v. *State* (1958), 238 Ind. 658, 662, 154 N. E. 2d 503; *Johnson* v. *State* (1957), 236 Ind. 509, 512, 515, 141 N. E. 2d 444; *Sylvester* v. *State* (1933), 205 Ind. 628, 631, 187 N. E. 669.

While the appellants may have had the opportunity to commit the offense charged, opportunity is not enough. *Christen* v. *State* (1950), 228 Ind. 30, 40, 89 N. E. 2d 445.

The motion for a new trial should have been sustained, and for failure of the trial court to do so this cause is reversed and remanded with instructions to

grant appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

The other errors complained of are not apt to arise on a new trial and for that reason are not considered here.

Judgment reversed.

Bobbitt and Landis, JJ., concur.

Arterburn, C. J., dissents with opinion.

Achor, J., not participating because of illness.

## DISSENTING OPINION

ARTERBURN, C. J.—I cannot agree with the majority opinion that there is no evidence of the taking of property sufficient to constitute petty larceny in this case. A showing is made that the lock on the gasoline tank was found broken. One of the witnesses stated that he could hear the sound of the flow of gasoline going out of the tank into the cans in the rear of the truck. The owner of the gasoline testified that there were 165 gallons missing from his tank. The evidence also showed gasoline spilled on the ground around the tank. This is sufficient evidence to show a taking of the property. The mere movement of an article is a sufficient taking or asportation in larceny. *Warnke* v. *State* (1929), 89 Ind. App. 683, 167 N. E. 138; 52 C. J. S., Larceny, §6a (b), p. 802.

The market price of the gasoline was shown. The fact that the cans into which the gasoline was poured leaked and the gasoline flowed out on the bed of the truck where it saturated the floor, does not negate a taking, but rather substantiates the charge of petty larceny.

NOTE.—Reported in 165 N. E. 2d 380.